In the Matter of CURTIS B. and Others, Infants, Alleged to be Neglected.

Family Court, Kings County, December 8, 1966.

*J. Lee Rankin, Corporation Counsel* (*Philip Sokol* of counsel), for petitioner. *Bernard Dworkin* for respondents. *Annette Pinsky* for Legal Aid Society.

RICHARDS W. HANNAH, J. The petitioner in this neglect proceeding moves for a protective order to vacate interrogatories served by the respondents upon the petitioners, pursuant to CPLR 3103. This appears to be a case of first impression as far as disclosure has sought to be applied in neglect cases.

The petition has been brought by a worker of the Department of Welfare of the City of New York against both parents and alleges: " The child Ronnie has had two broken arms and a broken hip, and numerous bruises and other evidence of beating, starting on 7/1/1965 and most recently noticed on 10/13/1966. None of the aforesaid injuries have been adequately explained. The child appears to be undernourished, and is not taken out nor did the mother permit a homemaker to take the child out for fresh air. Said child is kept perpetually in the semi-dark, and was observed to be kept sitting up in a stroller for an entire day, the stroller being for a 1 year old. Curtis, Jr., does not speak, and no effort has been made to remedy the situation. In Sept. 1965, he had an injured hand and lost a nail, and was thrown against the wall by his mother, when she found the Department of Welfare homemaker changing his diaper on 5/25/1966. The children's medical needs are not attended to and they have not had immunizing shots."

The allegations of this petition leave much to be desired in the manner of draftsmanship and certainly the respondents

are entitled to more detailed information so that they may properly prepare for trial with more specific knowledge of the alleged neglect.

The Family Court Act is devoid of any provision for disclosure but section 165 of the Family Court Act provides that where the method of procedure is not prescribed in this act, the procedure shall be in accord with the rules adopted by the Administrative Board of the Judicial Conference or, if none have been adopted, with the provisions of the CPLR to the extent that they are appropriate to the proceeding involved (*Rodoe* v. *Noneus*, 23 A D 2d 212; *Matter of Schwartz* v. *Schwartz*, 23 A D 2d 204). Accordingly, the provisions of the CPLR must be applied to the extent indicated in *Schwartz* v. *Schwartz* (*supra*), where the Appellate Division said that this court must decide when it is "appropriate" to apply the provisions of the CPLR to the numerous and unusual situations which arise in this court and that its application will depend upon the circumstances of the cases as they arise. The Appellate Division has approved a case where the disclosure devices of the CPLR were "appropriate" in which the financial ability of a parent was involved (*Schwartz* v. *Schwartz*, *supra*), and this court had permitted disclosure in paternity cases where a bill of particulars had been demanded and in habeas corpus cases where the custody of children has been involved. Therefore, disclosure is not something new or radical to this court. The respondents seek more information about the alleged neglect. The petitioner objects upon the ground that there is no disclosure provision in the Family Court Act, that its application is not appropriate, that neglect proceedings must be speedily prosecuted, that the type of pleadings used in this court do not adapt themselves to this practice, that their use would delay the hearings, and that to permit the use of disclosure would create a great new volume of work for the court. The court rejects these grounds, since it feels that it has the power to protect the child by a remand if necessary pending the hearing, and that the seriousness of such charges should not be passed upon lightly and speedily but only after the respondent or respondents have been adequately advised of the charges against them and are in a position to rebut them if possible.

Accordingly, the petitioner's motion to vacate the notice is denied. The court has reviewed the scope of the interrogatories and finds them too broad; hence it will modify the notice and as so limited will make a protective order. Interrogatories numbered 1, 2, 3(A) and (B) limited to name of hospital, and 10 are granted. Interrogative 4 amended to read: Give the

dates, time, places of the names of the person or persons who asked for information concerning the alleged injuries to Ronnie and the name or names of the respondent or respondents from whom such information was asked. Interrogatories numbered 5, 6, 7, 8, 9, 11, 12 and 13 are disallowed.

Interrogatories are to be served on or before December 19, 1966.