Alvin R Buskin, J.
Respondents’ motion is granted to the extent that the petitioner is directed to make available to respondents’ attorney for examination and copying, within 24 hours of the service upon the County Attorney of a copy of the order to be entered herein, all records of a physical examination of the infant Carolyn D., and in order to effectuate the same to execute and deliver to respondents’ attorney an appropriate authorization for same referring to the order to be entered herein, addressed to Grasslands Hospital.
Provisions of the CPLR regarding disclosure can be used in appropriate cases in the Family Court (Matter of Schwartz v. Schwartz, 23 A D 2d 204, 208; Matter of Curtis B, 52 Misc 2d 400; Family Ct. Act, § 165).
The court deems this to be an appropriate case for disclosure pursuant to CPLR 3120. The respondents are entitled to rehut any evidence the petitioner may introduce regarding the physical condition of the child. To assist them in preparing for trial they should be permitted to investigate relevant medical evidence in the possession or under the control of petitioner who has custody of the respondents ’-daughter— Discovery proceedings are not uncommon in this court. They have been permitted in paternity, neglect and custody cases as well as where the financial ability of a parent was involved.
Petitioner, in opposing this motion, argues that he has no control over the requested records. He is an official of the Department of Social Services, which is under the jurisdiction of the County of Westchester, as is Grasslands Hospital which examined the child at petitioner’s request. Thus the petitioner’s contention that the records are not in his control appears to the court to be unfounded. If respondents’ signatures are also required by the hospital in order to release the records, that should not pose any problem, since they are the applicants herein.