In the Matter of BETTY SCHWARTZ, as Mother of PAULA SCHWARTZ and Another, Infants, Respondent, *v.* MARVIN SCHWARTZ, Appellant.

First Department, May 20, 1965.

*Marvin Schwartz* of counsel (*Carol H. Katz* with him on the brief), for appellant.

*Maxwell A. Rubin* for respondent.

VALENTE, J. Pursuant to section 461 of the Family Court Act, petitioner brought a proceeding to modify the provisions of a decree of divorce obtained by her former husband in Mexico in December, 1962, insofar as it directed the payment of $122.50 per week for two children in petitioner's custody. The Mexican decree confirmed a separation agreement entered into by the husband and wife providing for the support of the wife and children.

According to the petition, verified on October 29, 1964, the application was based upon a change of circumstances: the increased needs of the two children — who were 10 and 11 years old — and the father's increased income. The father denied the allegations of the petition relating to the claimed change of circumstances in an answer filed on the return date of the summons.

Upon that return date, petitioner's attorney orally requested a pretrial examination of the father's books and records. Following a lengthy colloquy among counsel and the court, the court ordered an audit of the father's books and records from 1960 to 1964 and also provided that a private accountant chosen and paid for by each party may attend and give evidence and opinions to the court auditor.

The father then moved to vacate that order for an audit. As a consequence, the original order was modified to the extent of permitting only the father to be present before the court auditors and by providing that the audit was to be conducted not only

on behalf of the court but also of the petitioner, and in other respects the prior order of December 3, 1964 was to remain unchanged.

By permission of the Appellate Division (Family Ct. Act, § 1012) the father has appealed from both orders.

The orders should be reversed and the proceedings remanded to the Family Court.

There is much in the briefs of the parties as to the applicability of the disclosure provisions of the CPLR to Family Court proceedings. Section 165 of the Family Court Act provides that where the methods of procedure in any proceeding in which the Family Court has jurisdiction are not prescribed, the provisions of the CPLR shall apply "to the extent that they are appropriate to the proceedings involved". So, too, CPLR 101 provides that the CPLR "shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute ".

Thus, in the absence of special rule or statute, the procedure in the new Family Court was intended to be more formal than theretofore pursued in the predecessor Domestic Relations and Children's Courts and was to be regulated to the extent that it was "appropriate" by the provisions of the CPLR. In view of the different kinds of controversies within the jurisdiction of the Family Court, it is apparent that the CPLR provisions will not always be "appropriate". However, the underlying purpose in making the CPLR applicable was to require more formal and predictable procedure in the Family Court as an adjunct to its increased power and jurisdiction.

Thus, in *Matter of Harris* v. *Doley* (22 A D 2d 769) this court held that a decision by the Family Court following a trial in a paternity proceeding must conform to the requirements of CPLR 4213 (subd. [b]), and must state the facts deemed essential to support the determination. (See, also, *Sager* v. *Sager,* 21 A D 2d 183; *Matter of "Doe"* v. *"Roe"*, 40 Misc 2d 148.)

Since the determination of when it is "appropriate" to apply the provisions of the CPLR to the numerous and unusual situations which will arise in the Family Court will depend upon the circumstances of the cases as they arise, this court may not adequately spell out definite guidelines for future determinations. However, it can be said that procedures should, as consistently as possible, conform to the spirit of the CPLR without necessarily importing into Family Court proceedings punctiliousness or the complexities and technical requirements of the CPLR. Procedure is to be used as a working tool and not as an impediment to the functioning of the Family Court.

Section 433 of the Family Court Act provides that upon the return of a summons in a support proceeding under article 4 of the act that "the court shall proceed to hear and determine the case ". The procedure upon a hearing is governed by section 435 which provides in subdivision (a) that hearings are to be conducted by the court without a jury and that the court " may adjourn the hearing to enable it to make inquiry into the surroundings, conditions and capacities of the child, into the financial abilities and responsibilities of both parents and for other proper cause ". Apart from the provision for an inquiry by the court, the Family Court Act contains no other rules regarding disclosure.

However, the Family Court has recognized that the disclosure devices of the CPLR would be " appropriate " in some cases. (See *Matter of " Doe " v. " Roe "*, 40 Misc 2d 148, *supra.*) Subdivision (a) of section 435 of the Family Court Act envisages situations in which disclosure of the financial ability of the parent may be necessary in order to render a proper disposition of a case. But the necessity for such disclosure must appear from the evidence at the hearing which under subdivision (a) of section 435 may be adjourned to permit the further inquiry. Even under the liberal disclosure provisions of the CPLR, this court has held that in a separation action no examination before trial of a defendant as to his income, property and assets will be ordered in the absence of a showing of special circumstances. (*La Mura* v. *La Mura,* 22 A D 2d 658.) In a matrimonial case " the need for the examination should be shown ". (*Nomako* v. *Ashton,* 20 A D 2d 331, 334.) A proper case for disclosure must be established by evidentiary proof. (*Hunter* v. *Hunter,* 10 A D 2d 291, 296, mot. for lv. to app. den. 10 A D 2d 937.)

Subdivision (a) of section 435 of the Family Court Act envisages that the special circumstances warranting a court audit be adduced at the hearing mandated by section 433. In the instant proceeding, predicated on section 461. (subd. [b], par. [ii]), it was incumbent on petitioner to make a prima facie demonstration at the hearing of the changed circumstances of the children before the father's finances became material. The record shows that there was no such proof before the court at the time a disclosure was directed. The requirement of a hearing is not met by extensive colloquy between the court and counsel. There must be proof as well as argument. (See *People* v. *Richetti,* 302 N. Y. 290, 297.) A hearing need not follow any particular form, but any meaningful hearing must, at least, consist of an adducement of proof coupled with an opportunity to rebut it. The precise extent of a " hearing " required by a statute will

vary with the purpose and context of the statute. (See *De Bierre* v. *Darvas,* 22 A D 2d 550, in which this court discussed the provisions of CPLR 6111 mandating a hearing in connection with an order of arrest; cf. *Aberlin* v. *Aberlin,* 3 A D 2d 417.)

Thus, in the absence of competent proof of the alleged change in circumstances, it was an improvident exercise of discretion for the court to have ordered a general audit of the father's books and records. Only after a court has been presented with such a prima facie showing could there be a knowledgeable determination that special circumstances warranted a disclosure and the extent of the disclosure necessary. It may well be that after the court took proof of the alleged change in circumstances the proffer by the father of his audited income tax returns would have sufficed for a determination of the issues presented without the necessity for an adjournment of the hearing for a more extensive audit.

Thus, the provisions of the CPLR regarding disclosure can be used in appropriate cases in the Family Court. However, if utilized, those disclosure provisions must be employed under the same limitations applied in suits in other courts. In proceedings in the Family Court, which are similar to matrimonial actions, there must be a preliminary showing of special circumstances before disclosure will be ordered. If disclosure is obtained pursuant to subdivision (a) of section 435, the necessity for disclosure must be demonstrated in the course of the hearing before a court audit can properly issue.

Since there was no hearing herein and special circumstances demonstrating the necessity for disclosure were consequently not proven, the orders appealed from should be reversed, on the law, on the facts and in the exercise of discretion, without costs and disbursements, and the matter remanded to the Family Court for further action not inconsistent with this opinion.

RABIN, J. (dissenting). I dissent and vote to affirm the order of December 7, 1964, as modified by the order of January 15, 1965, both of which orders are the subjects of this appeal.

By order of December 7, 1964, the court directed that the books and records of the respondent be audited by officers of the court with the assistance of an accountant delegated by each party. There was no objection made at the time to the audit of the books but the discussion referable to such order made it clear that the respondent's only objection to such procedure was based upon the fact that the order provided for the petitioner's accountant to be present. Respondent subsequently moved to vacate that order urging that he had had no opportunity to

obtain a protective order under CPLR 3103. Upon the return of such motion the court eliminated the objectionable provision, i.e., the presence of petitioner's accountant and directed that the audit be conducted by the personnel assigned to the audit bureau of the court.

With respect to the objection that the respondent was not given an opportunity to obtain a protective order under CPLR 3103, the court on January 15, in its order dated that day, said as follows: "(1) That the said motion by respondent to vacate the said order of the undersigned made on December 7, 1964, on the ground, among others, that no opportunity to obtain a protective order under Section 3103 of the Civil Practice Law and Rules was afforded to respondent, is hereby deemed in effect to be a motion for such protective order, and independently the court being expressly empowered under Section 3103(a), of the C. P. L. R. on its own initiative to make a protective order in connection with any discovery, the court hereby makes such protective order to the following effect." Indeed, the court did give the respondent the protection he sought by eliminating the provision for the presence of the petitioner's auditor. In the circumstances the pertinent section of the CPLR was in effect complied with and the order of January 15 should not be disturbed on the ground of failure of compliance with such section — particularly so since the respondent made no such procedural objection at the time the original audit was directed.

I am quite in agreement with the opinion of the majority except that I take the position that the respondent should not now be heard to complain with respect to the direction that his books be audited by a court auditor. He made no objection to such procedure in the Family Court and in fact he consented to it. Having so consented, he now has no standing to object to it on this appeal. Such consent is evidenced by the statement of respondent's counsel as follows: "If you order an examination by your court auditors, that we can't avoid, but I object to any private accountant coming in and going through [the respondent's] books and records." As indicated above, that objection was eliminated by the order of January 15. Further evidence that the respondent's objection was limited to the attendance of petitioner's representative and that he not only failed to object to an audit by the court auditor but in fact consented thereto appears from the following colloquy:

" Mr. Lester [respondent's counsel] : I object to that. I don't think they should delve into his books. You have our tax returns.

210

" The Court: Everybody's books are open in this court. You can't object to it.

" Mr. Lester: *To the Court, that is agreeable.*" [Emphasis added.]

We have the situation then of the respondent's lawyer agreeing to a court audit in the presence of the respondent who himself is a lawyer. It can hardly be said that these two lawyers stated that the examination by the court auditor " is agreeable " without appreciating the full significance of that statement. Having so consented on what basis then do they now appeal?

BREITEL, J. P., EAGER and STEUER, JJ., concur with VALENTE, J.; RABIN, J., dissents in opinion.

Order, entered on December 7, 1964, and order, entered on January 15, 1965, reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements, and the matter remanded to the Family Court for further action not inconsistent with the opinion of VALENTE, J., herein.