OPINION OF THE COURT
Richard D. Rosenbloom, J.
This is a motion for a protective order pursuant to CPLR 3103 seeking to deny an examination before trial of three children.
This proceeding is brought by the Monroe County Department of Social Services under article 10 of the Family Court Act alleging abuse of three children by their natural mother and stepfather. The petition alleges numerous acts of rape, sodomy, other sexual offenses and acts of physical violence against the children by the stepfather with the knowledge of the mother. A criminal proceeding is pending against the stepfather in the Supreme Court, Monroe County. Stepfather’s attorney issued a notice to take the deposition of the three children pursuant to CPLR 3102. The childrens’ Law Guardian then moved for a protective order.
The Law Guardian contends that the children are not parties to this proceeding, that the statutory grounds warranting their examination as witnesses have not been met, and that an examination would cause unreasonable annoyance, expense and embarrassment. The Department of Social Services and the District Attorney join in the motion and argue further that disclosure may be had by other methods and that an examination before trial would be contrary to the purpose of the proceeding which is to protect the children. Stepfather’s attorney claims that the children are parties, that their testimony is essential to the case and that he has the right to select the disclosure device to adequately prepare for trial.
 Article 10 of the Family Court Act which governs child protective proceedings contains no disclosure provisions. *800 Section 165 of the Family Court Act states that "the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” A child protective proceeding is more in the nature of a civil action than a criminal action in that its purpose is to "help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being” rather than to punish the respondents (Family Ct Act, § 1011). Concurrent proceedings in a criminal court are expressly provided for (Family Ct Act, § 1014, subd [c]). The court finds that the disclosure provisions of CPLR Article 31 are appropriate to a child protective proceeding (see Matter of Walsh, 64 Misc 2d 293).
CPLR 3101 (subd [a], par [1]) authorizes disclosure of all material and necessary evidence by a party to an action. No question has been raised that the information sought is material and necessary. Stepfather’s attorney claims that the children are parties in that they are essential to the case and cites Section 249 of the Family Court Act which mandates the appointment of a Law Guardian. Section 249 of the Family Court Act, however, refers to a child as "the subject of the proceeding” rather than as a party. The Family Court Act clearly specifies that only "a child protective agency, or * * * a person on the court’s direction” may originate a child protective proceeding (Family Ct Act, § 1032) and defines a "respondent” in subdivision (a) of section 1012 of the Family Court Act. This court holds that a child is not a "party” to a child protective proceeding and is therefore not subject to the disclosure provisions of CPLR 3101 (subd [a], par [1]).
CPLR 3101 (subd [a], par [4]) authorizes disclosure of all material and necessary evidence by any person where the court on motion determines that there are adequate special circumstances. In the instant case, the petitioner alleges numerous acts of sexual abuse against the children. Upon oral argument of the motion, the Department of Social Services counsel stated his intention to call the children as witnesses in the fact-finding hearing. It is apparent from the pleadings that the children have special knowledge of the facts and will be hostile to the stepfather.
CPLR 3101 has been interpreted liberally to require disclosure of any facts bearing on the controversy which will assist preparation for trial (Allen v Crowell-Collier Pub. Co., 21 NY2d 403). "The purpose of disclosure procedures is to ad *801 vanee the function of a trial to ascertain truth and to accelerate the disposition of suits.” (Rios v Donovan, 21 AD2d 409, 411.) Hostility of a witness has been held to be a special circumstance warranting an examination before trial. (Weissman v Mutual Life Ins. Co. of N. Y., 42 AD2d 558; Gates v State of New York, 72 Misc 2d 844.) The Appellate Division, Fourth Department, has adopted the view of Professor David D. Siegel in his practice commentary to McKinney’s Consolidated Laws of New York that "a mere showing by the lawyer that he needs such witness’s pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance’.” (Kenford Co. v County of Erie, 41 AD2d 586; McKinney’s Cons Laws of NY, Book 7B, CPLR 3101, C3101:22, p 25.)
The fact that the witnesses to be examined are children and are in need of protection is a serious consideration but does not necessarily override the compelling need for full disclosure. The witnesses here are now ages 18, 17 and 16 and are represented by an able Law Guardian. In a related area involving family relationships, examinations before trial were generally not permitted in matrimonial actions because of the possibility of abuse and the potential to exacerbate the relationship between the litigants. The trend of recent cases, however, is to permit examinations in matrimonial actions as to all matters about which a witness is competent to testify. (Dunlap v Dunlap, 34 AD2d 889; Maxwell v Maxwell, 88 Misc 2d 535.) A lawyer should not be required to proceed to trial in any type of case without knowing in detail what a witness is going to say.
Considering the ages of the witnesses, the crucial nature of their testimony, their apparent hostility and special knowledge of the facts, and the stepfather’s need to meaningfully prepare for trial, the court determines that there are adequate special circumstances to warrant an examination before trial of the three children who are the subject of this proceeding. To avoid any potential for annoyance, embarrassment or intimidation of the children, the stepfather will be excluded from the examination (see Schwartz v Marien, 65 Misc 2d 811). His interests and legal rights will be adequately protected by the presence of his attorney. The Law Guardian’s motion for a protective order is granted to the extent of regulating the examination by excluding the stepfather and is otherwise denied.
*802 In view of the court’s determination that the children are witnesses rather than parties, the examination before trial shall proceed upon service of subpoenas in accordance with CPLR 3106 (subd [b]).