OPINION OF THE COURT
Donald F. Mohr, J.
Motion for a protective order pursuant to CPLR 3103 seeking to deny an examination before trial of the child Maria F., is disposed of as hereinafter indicated.
The within child protective proceedings brought by petitions to determine abuse, pursuant to article 10 of the Family Court *320 Act, were initiated by the New York City Department of Social Services, Bureau of Special Services for Children.
It is noted that it is alleged that respondent, Mariete R, is the natural mother of both children while respondent, David R, is the stepfather of Maria and natural father of Charles.
The petitions essentially allege that respondent, Mariete R, had beaten her 12-year-old child, Maria, on the face with a dog chain on January 22, 1980; that she forced her six-year-old child, Charles, to participate in the beating; that she had hit Maria in the face with a metal broom handle on January 24, 1980; and that respondent, David R, was aware of the incidents and took no action to protect either child.
The attorney for both respondents served a notice to take the oral deposition of the child, Maria. Said attorney was thereafter discharged by both respondents. The incoming attorney who, likewise, represented both respondents adopted the outgoing attorney’s notice. A short time thereafter, the second attorney’s motion to be relieved, based upon a conflict of interest, was granted and the court appointed separate counsel for both respondents. Counsel again adopted respondents’ first attorney’s notice.
The Law Guardian asserts that the child, Maria, is not a party to the proceeding and that the statutory grounds warranting her examination have not been met and that an examination of this child will cause her unreasonable annoyance, expense, embarrassment, disadvantage and prejudice. The petitioner orally joined in the Law Guardian’s application. Both respondents through their attorneys allege that sufficient special circumstances exist to warrant the requested examination and that the examination is necessary to prepare the respondents’ respective defenses.
Since the respondents have each had three attorneys, this court requested all attorneys to submit additional affirmations, after oral argument.
The courts have found that child abuse proceedings are civil in nature (Matter of Diana A., 65 Misc 2d 1034; Matter of Gigi B., 71 Misc 2d 176; Matter of Linda O., 95 Misc 2d 744). CPLR 101 provides in part, "The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.” Subdivision (a) of section 165 of the Family Court Act states, as is pertinent herein, "[wjhere the method of procedure in any proceeding in which *321 the family court has jurisdiction is not prescribed * * * the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” Since article 10 of the Family Court Act, which governs child protective proceedings, contains no disclosure procedures, the CPLR is applicable to the extent it is appropriate.
"The application of the CPLR is not automatic * * * Courts generally take the position, first enunciated in Schwartz v. Schwartz [29 A.D.2d 204, 259 N.Y.S.2d 751 (1st Dep’t., 1965).] (miscited, correct citation 23 AD2d 204), that 'the determination of when it is "appropriate” to apply the provisions of the CPLR to the numerous and unusual situations which will arise in the Family Court will depend upon the circumstances of the cases as they arise. This Court may not adequately spell out definite guide lines for future determinations.’ ” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 165, pp 97-98). "Disclosure would also be available in the Family Court, see Fam.Ct.Act § 165 and CPLR 101, although there the court would of course keep tight reins on its use.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:11, p 16.)
Thus, the initial issue presented to this court is whether it is "appropriate” to direct a 12-year-old child, the subject of a petition to determine abuse, to appear and submit herself to an oral deposition?
This court’s research has disclosed three child protective proceedings in which disclosure pursuant to the CPLR was directed. In Matter of Curtis B. (52 Misc 2d 400) the court, in a neglect proceeding, directed the petitioner to respond to certain interrogatories served by respondents. In Matter of Walsh (64 Misc 2d 293) the court, in a neglect and abuse proceeding, permitted the full use of pretrial discovery procedures, except that portion which sought authorization permitting examination of the hospital records of the child. A reading of the case does not indicate the age of the subject child or whether or not the court anticipated an oral examination of the child. In Matter of Diane B. (96 Misc 2d 798) the three subject children in a sexual abuse case, who were then 16, 17 and 18 years of age, were required to appear for oral examination. The court did exclude the respondent, stepfather, from the examination to avoid any potential for annoyance, embarrassment or intimidation.
Child protective proceedings are designed to establish proce *322 dures to help protect children from injury or mistreatment and to help safeguard their physical, mental and emotional well-being. They are designed to provide a due process of law for determining when the State, through its Family Court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met (see Family Ct Act, § 1011). It is well-settled law where children are concerned, the court functions as parens patriae to do what is in the best interests of children, in this case to help protect the children (Finlay v Finlay, 240 NY 429; Matter of Bachman v Mejias, 1 NY2d 575). A careful examination of article 10 of the Family Court Act indicates that the balance between children’s rights and parent’s rights is weighted in favor of protecting the child while legal safeguards are provided to protect parental rights without unreasonably endangering children.
Section 1046 (subd [a], pars [ii], [vi]) of the Family Court Act states as follows:
(ii) "proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible; and
(vi) "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact-finding of abuse or neglect;”.
Thus, the Legislature recognized that in many child protective proceedings the child may be unable, unwilling or reluctant to testify against an alleged neglector or abuser. Implicit in this recognition is the possible trauma a child may suffer as a result of being compelled to testify. Surely, this court as parens patriae must likewise recognize and consider the above factors in determining the within application.
In the case at bar the child, Maria, was born on June 13, 1967 and spent her entire life from birth to January, 1979 in foster homes in Portugal. In January, 1979 her mother brought her to this country to live with her mother and stepfather. Maria is also a handicapped child who is totally blind in one eye and legally blind in the other.
One need not be a child psychiatrist or psychologist to recognize that a child already suffering from the trauma of *323 being abused, would be further traumatized by having to recall and narrate the incidents and may also jeopardize her future relationship with her parents as well as exacerbating the present strained relationship. A Family Court Judge dealing with sociolegal problems, involving children both of tender age and early adolescence, on a daily basis can easily recognize the potential for present and future harm to such a child’s mental and emotional well-being, by requiring such a child to testify, at an examination before trial in an abuse proceeding.
This court concludes, in an abuse proceeding involving children of tender years or young adolescents, it is not appropriate to direct the child to appear for an examination before trial. This is especially so with the handicapped child herein, who as hereinbefore indicated spent almost her entire life in foster care, and has only been residing with her mother and stepfather since January, 1979.
Accordingly, it is not necessary for this court to pass on the other issues raised by counsel.
This court is of the opinion that the conclusion reached herein is not inimical nor in derogation of the position enunciated in Matter of Schwartz v Schwartz (23 AD2d 204, supra) since it is only applicable to examinations before trial of children of tender years or young adolescents in an abuse proceeding.
Based upon the foregoing the application is granted and the notice to take the deposition of the child Maria, dated February 11, 1980, is vacated.
The court is not unmindful that the respondents may seek the information sought by other available pretrial discovery procedures.