OPINION OF THE COURT
Leon Deutsch, J.
The instant matter is a child protective proceeding pursuant to article 10 of the Family Court Act in which the respondent stepfather is charged with having sexually abused his 13-year-old stepdaughter, in that he engaged in repeated acts of sexual intercourse with the child over a period of one and one-half years, and that as a result of such sexual abuse the subject child gave birth to an infant son.
*435 The petitioner, Commissioner of Social Services, now moves, prior to trial, for an order directing a human leucocyte antigen blood-grouping test (hereinafter referred to as an HLA), of the respondent stepfather, the subject child and her infant child, pursuant to CPLR 3121 (subd [a]), and to have the results thereof admitted into evidence in an effort to prove the alleged sexual abuse. (HLA blood tests are now specifically authorized in the Family Court Act and routinely employed only in paternity proceedings [Family Ct Act, § 532], and in support proceedings where paternity is at issue [Family Ct Act, § 418], and their results are allowed by those statutes to be received into evidence as an aid in determination of paternity; there are some differences between these two sections of the Family Court Act, which do not require detailing here.) The respondent stepfather, by counsel, and the subject child, by the Law Guardian, oppose the motion and ask that it be denied. The respondent natural mother does not participate in the motion.
This effort to utilize the discovery proceeding under CPLR 3121 (subd [a]) in a proceeding pursuant to article 10 of the Family Court Act (child protective proceeding) appears to be a matter of first impression. It is a novel and interesting approach, and, if allowed, may create a precedent with far-reaching implications.
The relevant statutes with their pertinent provisions are as follows:
CPLR 3121 (subd [a]): “After commencement of an action in which the mental or physical condition or the blood relationship of a party, or of an agent, employee or person in the custody or under the legal control of a party, is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician, or to produce for such examination his agent, employee or the person in his custody or under his legal control.” (Emphasis added.)
CPLR 3101 (subd [a]):
*436 “There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
“(1) a party, or the officer, director, member, agent or employee of a party;” (emphasis added).
CPLR 101: “The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.”
Section 165 of the Family Court Act: “Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” (Emphasis added.)
Conceding to the petitioner, as this court does, that CPLR 3121 (subd [a]) is available generally[1] to the petitioner to establish the blood relationship of a party[2] to the *437 action, the petitioner has, nevertheless, failed to meet the express requirement of this discovery statute.
The moving party seeking the examination has the burden to show that the blood relationship will relate to or contribute to movant’s claim. (3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.01.) This burden is not met by mere relevance to the case. (Schlagenhauf v Holder, 379 US 104.) The Schlagenhauf case dealt with rule 35 of the Federal Rules of Civil Procedure and held that the moving party seeking the disclosure must affirmatively show that the examination sought is really and genuinely “in controversy”. (Rule 35 of the Federal Rules of Civil Procedure is similar to CPLR 3121, subd [a], as to the “in controversy” requirement.) The New York State Court of Appeals in interpreting Schlagenhauf held that a plaintiff’s pleading and statement in the attorney’s affidavit is not sufficient to put defendant’s physical condition in controversy within the meaning of CPLR 3121 (subd [a]), and that “[a]s a matter of pqlicy, something more * * * [is] required.” (Koump v Smith, 25 NY2d 287, 299.)
The burden of proving that the blood relationship is “in controversy” is on the petitioner. An essential requirement is an affidavit containing evidentiary material by one having knowledge of the facts and not mere conclusory statements. (Koump v Smith, supra, p 300.)
In the instant matter, we are confronted by just such *438 conclusory statements made by petitioner’s attorney in her rebuttal memorandum as to the likely nature of respondent’s defense. The respondent here, however, has merely entered a general denial, and under the principles laid down by the Koump court, this is insufficient to place the matter “in controversy” (supra, p 294).
If, for the purpose of this motion, we assume, arguendo (without conceding, because, as noted above, there is no pleading or affirmative defense by the respondent — merely a general denial), that males other than the respondent, had access to the subject child, or even that someone else fathered her infant, such a fact would, in no way, remove the viability of petitioner’s allegations of sexual abuse. Obviously, it is possible to have an adjudication of sexual abuse of the child based upon a finding that the respondent stepfather had engaged in repeated acts of sexual intercourse with the subject child over an extended period of time.
Thus, the probability that the respondent fathered the infant son of the subject child of this proceeding (assuming that the results of the HLA would disclose such a probability) neither relates nor contributes to the essential claims of the petitioner, and fails to meet the “in controversy” requirement of the statute.
Furthermore, the information sought to be obtained from a CPLR 3121 (subd [a]) blood test must additionally meet the requirements pursuant to CPLR 3101 (subd [a]) —. referable to disclosure under CPLR 3121 (subd [a]) — that disclosure be “material and necessary” in the prosecution or defense of an action. (See Koump v Smith, supra.)
The HLA test, in the instant proceeding, is neither material nor necessary to the prosecution of the action. It is unnecessary, certainly, in that the subject child is a willing, competent, and available witness to testify at the trial. It is immaterial, in the sense that the establishment of probable paternity, is not required to prove what is at issue in the proceeding — that is, sexual abuse of the child and, further that an exclusion of paternity could not free the respondent from meeting the issue of alleged repeated sexual intercourse with the child.
*439 Another, and very significant, defect in petitioner’s motion is that the HLA blood test is not at all “appropriate” to the proceeding involved within the purview of subdivision (a) of section 165 of the Family Court Act.
The purpose of child protective proceedings pursuant to article 10 of the Family Court Act as enunciated in section 1011 is to “help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.”
The HLA blood test is a sophisticated and discriminating test producing results of high degrees of probable paternity ranging up to 99.99%. (See 1 Schatkin, Disputed Paternity Proceedings [4th rev ed], § 8.13, p 8-29.) Indeed, the test is so very reliable that the Legislature has chosen, for that reason, in recent amendments to the law, in proceedings where paternity is at issue, to allow its results into evidence as a positive means in aid of the court’s determination of paternity (as contrasted with the former rule of only admitting into evidence blood test exclusions of paternity). (Family Ct Act, §§ 532, 418.)
Assuming that an HLA blood test in the instant matter resulted in a high degree of probability of paternity, such a showing would stigmatize the infant of the subject child as the son of his mother’s rapist, and for that very reason also create untold anguish for his mother — the 13-year-old child herself.
This matter is a child protective proceeding; neither filiation nor support is the purpose, and, indeed, is not sought. To show a blood relationship and thereby intimately connect the respondent to both children, where paternity is not at issue, is not only pointless (the more so, as it is unnecessary to prove the case of sexual abuse), but, worse, would certainly undermine the “mental and emotional well-being” of the subject child presently and her infant son prospectively.
Assuming, on the other hand, that the HLA blood test results were exclusionary, no evidentiary purpose in this proceeding would be served. As earlier stated, proof of nonpaternity does not address the issue of repeated sexual intercourse with the child over an extended period of time. *440 In this circumstance, the HLA test would only be a futile intrusion upon these already unfortunate children:
In either circumstance, a court order for an HLA blood test, would violate the purpose and spirit of an article 10 Family Court Act proceeding, and, worse, do positive harm to both children. Thus, the HLA blood test is not at all appropriate to this proceeding as contemplated by subdivision (a) of section 165 of the Family Court Act.
Accordingly, and upon all the circumstances, the court will not sanction the use of an HLA blood test pursuant to CPLR 3121 (subd [a]) in this article 10 proceeding. The motion is denied.

. There is no doubt, albeit not automatic and subject to the tight reins of the court, that the disclosure article of the CPLR is, generally, applicable to Family Court proceedings “to the extent that they are appropriate to the proceedings involved” (Family Ct Act, § 165, subd [a]; CPLR 101; Matter of Schwartz v Schwartz, 23 AD2d 204; see, also, Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 165, pp 97-98; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:ll, p 15). Various disclosure devices under the CPLR, such as oral depositions, interrogatories, and the production of books, records, and documents, have long been standard practice in the Family Court in various proceedings under the Family Court Act, including proceedings pursuant to article 10 of the Family Court Act (Matter of Carla L., 45 AD2d 375; Matter of Nicole J., NYLJ, Dec. 19, 1980, p 12, col 2).

. The Law Guardian does not concede, but does not contend, that the subject child or her infant child are not parties within the meaning of CPLR 3121 (subd [a]) as applied to an article 10 Family Court Act proceeding. The respondent does not so contend. Hence, this aspect is not a disputed issue for the court to determine on this motion, and the court in its determination acts on the assumption that the children in an article 10 proceeding are parties within the meaning of CPLR 3121 (subd [a]).
The court is unaware of any case, in an article 10 proceeding, that speaks to that point. It is significant, however, that the children are here represented by a most competent Law Guardian as required by section 241 of the Family Court Act “to help protect their interests;” that statute also recognizes that “[Clounsel is often indispensable to a practical realization of a due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition.” Moreover, as stated by one commentator, “In a child abuse or neglect proceeding under Article 10, it must be presumed that there is an actual or potential conflict of interest between the child and *437 his parents.” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 241, p 161.)
It is equally significant that pursuant to section 1039 of the Family Court Act the court may not order an adjournment in contemplation of dismissal without the consent of the child’s attorney or Law Guardian.
It is obvious that children are persons who are actively concerned in the prosecution or defense of the proceeding, and whose rights are so involved therein, that disposition of the matter and the dispensation of justice is impossible unless they are before the court in such a manner as to enable them to be heard in protection of their interests. See Black’s Law Dictionary (rev 4th ed) for definition of “parties”. Such a definition precisely fits the position of children in an article 10 Family Court Act (child protective) proceeding. See, too, CPLR 1001 “Necessary joinder of parties”. (The fact that children in an article 10 proceeding are characterized as neglected children or subject children, and not as plaintiff or defendant [or respondent] is nomenclature only, and does not make them less than “Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.”) (CPLR 1001, subd M.)
It is, thus, almost impossible to conceive that children are anything less than parties in an article 10 Family Court Act proceeding as contemplated by CPLR 3121 (subd [a]).