OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the matter remitted to the Family Court for reconsideration in light of the amendment to Family Court Act § 1038 (c). The certified question should be answered in the negative.
Respondent, charged in the Family Court with sexually molesting his daughter, seeks to have her psychologically examined by an expert of his choice. The Family Court has inherent power to order such an examination by a court-appointed expert in order to aid the court in deciding the case. But at the time this application was made, if those having custody of the child objected, there was no means by which the respondent could have the child examined by an expert of his choice in order to prepare for the trial, even when such an exam had previously been performed by the petitioner’s expert. However, while the case was on appeal the Legislature amended the discovery statute (Family Ct Act § 1038 [c]) by providing that a "respondent or the law guardian may move for an order directing that any child who is the subject of a proceeding under this article be made available for examination by a physician, psychologist or social worker selected by *1033 such party or law guardian.” The statute further provides that "[i]n determining the motion, the court shall consider the need of the respondent or law guardian for such examination to assist in the preparation of the case and the potential harm to the child from the examination.” The statute is designed to enhance procedural fairness and the fact-finding process, particularly in cases where the petitioner’s proof will depend substantially on expert opinion. (NY State Assembly mem, Bill No. A 7486-A.) Although the statute was not in effect at the time of the original application, it is now the law, and is controlling on this appeal (see, e.g., Kelly v Long Is. Light. Co., 31 NY2d 25, 29, n 3). However, we agree with the view expressed by Justice Rosenblatt at the Appellate Division that the case should be remitted to the Family Court for reconsideration in light of the change in the law.
Section 1038 (c) of Family Court Act is a discovery statute but examination of the child by the respondent’s expert is not to be routinely granted upon demand. The application is addressed to the court’s discretion and the court must determine whether, under the circumstances of the particular case, the potential benefits outweigh the potential harm. In the case now before us there is very little in the record to inform the court on these points. The divergent views expressed by the Judges in writings at the Appellate Division, seeking to apply the statute to a record made before the statute went into effect, are based primarily on perceptions of theoretical benefits and speculative harm. Because neither the Family Court nor the parties had the benefit of the statute when the application was made, and thus did not fully explore these issues in the context of this particular proceeding, the case should be remitted for further inquiry and reconsideration. The scope of the inquiry is within the court’s discretion. There is no need to conduct a formal hearing in this or other- cases unless the court finds it would be helpful to supplement or further probe the parties submissions. But in view of the fact that examinations by an adversary’s expert will almost always present potential harm to the child as well as potential benefits for the respondent and the truth-finding process, the facts bearing on these issues should be developed in some depth before the court, in the exercise of its discretion, determines the appropriate balance.
In response to the partial dissent we would simply note that applications as sensitive as these should not be mechanically or technically decided by assigning burdens of proof and *1034 determining whether one party or the other has met a particular burden. The statute places the burden on the court to exercise sound judgment after weighing all the factors bearing on the potential benefit to the applicant and the truth-finding process, if both sides are able to present experts who have examined the child, and the potential harm to the child which may result from the additional exam. In determining whether to grant or deny the application the court must also take into account its power to condition the order, if necessary to achieve an appropriate balance.