OPINION OF THE COURT
Philip C. Segal, J.
In this child protective proceeding, respondent Herman H. is charged, inter alia, with sexually abusing and beating his 16-year-old daughter Tricia. The child’s mother, respondent Esthaline H., is charged with knowledge of the abuse and allowing it to continue. Although no such abuse is alleged as to respondents’ four other children, a "derivative finding” is sought as to them (see, e.g., Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694 [2d Dept 1993]; Matter of Cruz, 121 AD2d 901 [1st Dept 1986]). Both respondents have entered formal denials to these allegations.
Prior to the fact-finding hearing, respondent Esthaline H. served a demand to depose Tricia and her 15-year-old sister Amelia, and now moves pursuant to CPLR 3124 to compel such disclosure. The Law Guardian cross-moves pursuant to CPLR 3103 for a protective order. Both motions are consolidated for disposition, and are decided as set forth below.
Family Court Act § 1038 authorizes liberal disclosure in child protective proceedings. Underlying this statute is a legislative policy that full and complete due process rights must be accorded before a family may be separated by court order. (Family Ct Act § 1011; Matter of Marie B., 62 NY2d 352 [1984].) It also evinces the Legislature’s recognition that broad disclosure is a significant safeguard against erroneous determinations in such sensitive matters and helps to ensure that determinations affecting a child’s welfare will be based on the most complete record possible.
In applying these legislative policies, the court is required to evaluate requests for disclosure in child protective proceedings by considering whether: (1) the request is "material and necessary” (CPLR 3101 [a]; Family Ct Act § 1038 [d]); and (2) the need for disclosure outweighs its potential harm to the child (supra; cf., Matter of Jessica R., 78 NY2d 1031 [1991]).
Here, the evidence sought to be disclosed at the requested depositions is clearly "material and necessary” under established law. Both children reasonably can be considered eyewitnesses to the alleged abuse and their pretrial testimony necessarily would address the allegations in the petition. By *937 any traditional analysis, such evidence properly is the subject of disclosure. (Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]; Jones v Wissenbach, 80 AD2d 962 [3d Dept 1981]; Muscoreil v Pool Mart, 107 AD2d 1025 [4th Dept 1985]; Matter of Diane B., 96 Misc 2d 798 [Fam Ct 1978]; Fox v Mission of Immaculate Virgin, 110 NYS2d 645 [Sup Ct 1950].)
Whether the benefit of the disclosure respondent seeks outweighs its potential harm requires consideration of the impact of such depositions on the children. The court notes that Tricia and Amelia, at ages 16 and 15 respectively, and without extraordinary circumstances indicating otherwise, are capable of undergoing such testimony, in contrast to the situation that may exist with much younger children. In addition, the Law Guardian’s supporting papers are silent as to the children’s current psychological status, and no claim is made that the requested depositions would cause them to suffer any significant psychological trauma. (Cf., Matter of Jessica R., supra; Stein v Champs Transp., 124 Misc 2d 795 [Sup Ct 1984].) Although a deposition "could be traumatic to a child of tender age and might result in harm to the child’s well-being due to its potential for intimidation and embarrassment” (Matter of Jessica R., 163 AD2d 543, 546 [2d Dept 1990], revd on other grounds 78 NY2d 1031 [1991], supra), such trauma cannot be presumed — at least as to older children. To do so would violate the intent of Family Court Act § 1038 (d) and could only be based on an impermissible assumption that the allegations of child abuse are true so that significant trauma automatically would follow. Such an assumption of guilt is contrary to our system of jurisprudence.
Further, the court notes that in enacting Family Court Act § 1038 (d) the Legislature did not omit children from the purview of CPLR 3101 (a) and 3102 (a). Without such an exception, those sections indisputedly authorize the deposition of eyewitnesses with respect to the events at issue in a civil lawsuit. The court must presume that the Legislature intended the comprehensive scope of Family Court Act § 1038 (d); as such, the court lacks the authority to rewrite the statute to create an automatic exception excluding children from its reach. (McKinney’s Cons Laws of NY, Book 1, Statutes § 213; People v Sharp, 107 NY 427, 455 [1887]; Tompkins v Hunter, 149 NY 117, 122-123 [1896]; People v Rodriguez, 110 Misc 2d 828, 832 [Sup Ct 1981].)
In view of the foregoing, respondent’s motion to compel depositions of Tricia and Amelia is granted, and the Law *938 Guardian’s cross motion for a protective order is denied. However, in the exercise of discretion, the depositions will be conducted before the court and under its direct supervision. (See, CPLR 3104 [a].)
Finally, to permit appellate review of this important issue, which the parties may desire to pursue, the order made herewith will be stayed for 30 days pending any application for a continuation of the same to the Supreme Court, Appellate Division, Second Department.