■ In the Matter of DIANA D. MICHAEL D., Appellant, COMMISSIONER OF SOCIAL SERVICES, Respondent. [630 NYS2d 382] —In a proceeding pursuant to Family Court Act article 10, the father appeals from a dispositional order of the Family Court, Queens County (Sparrow, J.), dated February 16, 1994, which, upon a fact-finding order of the same court dated July 21, 1993, *inter alia,* determined that the father had sexually abused his minor daughter. The appeal brings up for review the fact-finding order dated July 21, 1993.

Ordered that the dispositional order is affirmed, without costs or disbursements.

Family Court Act § 1046 (a) (vi) permits evidence of "previous statements made by the child relating to any allegations of abuse or neglect" to be admitted in court if they are corroborated by "[a]ny other evidence tending to support" the statements' reliability, in order to present a prima facie case. New York courts have held that a treating psychologist's testimony is an acceptable form of expert testimony to corroborate the out-of-court statements of infant victims of sexual child abuse *(see, Matter of Nicole V.,* 71 NY2d 112, 122). Contrary to the father's contention, the Family Court properly relied upon the testimony of the child's treating psychologist which corroborated the out-of-court statements of Diana D. that her father had touched her inappropriately on several different occasions. Moreover, the child's in-camera interview provided further corroborative evidence *(see, Matter of Christina F.,* 74 NY2d 532; *see also, Matter of Lincoln v Lincoln,* 24 NY2d 270).

Family Court Act §§ 251 and 1038 provide that in determining a motion to appoint a second psychologist to examine the child or the family, the court must consider the needs of the movant for an examination to assist in the preparation of his or her case, against the potential harm the child might suffer as a result of the additional examination *(see also, Matter of Jessica R.,* 78 NY2d 1031, 1033). Moreover, those statutes provide that the determination is within the broad discretion of the court. The father failed to show that the treating

psychologist was biased or unqualified, or that he was unable to prepare his case without the additional examination. On the other hand, there was evidence that the child had been interviewed by the District Attorney and Child Welfare Administration caseworkers, had been examined by her treating psychologist for at least one year, that she suffered from post-traumatic stress syndrome and was too fragile to be subjected to further psychological evaluation. Thus, it was not an improvident exercise of discretion for the court to deny the father's motion for a further psychological examination of the child.

We have considered the father's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.