OPINION OF THE COURT
Paula J. Hepner, J.
The respondent, Carl S., filed an order to show cause dated the 6th day of February 1996 asking this court to grant him leave to depose Elizabeth R. (age 11) and Latoya R. (age 13) pursuant to CPLR 3102 (d) and 3107 and section 1038 (d) of the Family Court Act. They are the two oldest of the six children on whose behalf these proceedings were initiated.[1]
Trial began in this child abuse case on October 27, 1995. The respondent did not seek to depose Latoya or Elizabeth previously. He sets forth seven reasons why he should be allowed to depose these children now, midtrial. Without conceding that the children require any special protection, the respondent suggests the court could minimize any trauma to the children by excluding the respondents from the deposition under CPLR 3103 (Matter of Diane B., 96 Misc 2d 798 [Fam Ct, Monroe County 1978]), or by ordering the deposition to be supervised pursuant to CPLR 3104. (Matter of Tricia K., 160 Misc 2d 935 [Fam Ct, Kings County 1994].) The Law Guardian and the Commissioner of Social Services oppose the motion.[2]
*128 A. Discovery and the Family Court Act
Prior to 1990, the Family Court Act did not contain specific authority for allowing disclosure in child protective proceedings. Family Court Act § 165, amended in 1963 (L 1963, ch 809), provides that where the method of procedure in any Family Court proceeding is not prescribed by the Family Court Act, the procedure shall be in accordance with the provisions of the CPLR "to the extent that they are appropriate to the proceedings involved.” (Family Court Act § 165 [a].) Whether a party could utilize the disclosure provisions in CPLR article 31 historically depended on the individual policy of the Family Court Judge before whom the case was pending.[3] Because this was said to have resulted in inconsistent and often contradictory decisions regarding access to the CPLR’s disclosure provisions, New York Assembly Bill A 11659-A was passed by the Legislature (L 1990, ch 867) to "clarify the procedures for discovery in child protective * * * proceedings and * * * to encourage such discovery and eliminate the need for a burdensome piecemeal adoption of discovery practices by the Family Court judges.”[4] Assembly Bill A 11659-A added a new subdivision (d) to Family Court Act § 1038 making the disclosure provisions of the CPLR applicable in child protective proceedings "unless such procedures are proscribed by Article Ten of the Family Court Act.”[5] Since child protective proceedings are "special proceedings” under the CPLR, however, discovery continues to be limited by CPLR 408 which provides that "[l]eave of court shall be required for disclosure” in a special proceeding. Thus, while the stated goal of the legislation was to clarify the use and scope of discovery in child protective proceedings and make the practices pertaining thereto more uniform, Assembly Bill A 11659-A did not amend CPLR 408 to *129 exempt Family Court proceedings from that statute’s provisions in the same way that proceedings in Surrogate’s Court have been. Consequently, while it is now clear that the procedures for disclosure under CPLR article 31 are available in child abuse and neglect cases, utilization of those procedures is still subject to judicial control.
B. The Children’s Status
The prosecution of child protective matters as a special proceeding is authorized under CPLR 103 (b). As set forth in CPLR 401, the party commencing a special proceeding is the "petitioner” and the adverse party is the "respondent.” Family Court Act § 249 treats the children as "subjects” of the proceeding and not "parties” to it. (Matter of Diane B., supra.) Therefore, these children may not be deposed under CPLR 3101 (a) (1) as a party.
The subject children may be, in many instances, eyewitnesses to the abuse or neglect alleged and they may be in possession of information that is material and necessary to the prosecution or defense of the charges. Accordingly, the children may be required to give information related to the charges through the provisions of CPLR 3101 (a) (4) for discovery from "any other person.” Under the case law pertaining to discovery from nonparty witnesses, however, the person seeking discovery must establish more than relevance and materiality; there must be a showing of "adequate special circumstances.” (Scalone v Phelps Mem. Hosp., 184 AD2d 65 [2d Dept 1992]; Matter of Vanessa R., 148 AD2d 989 [4th Dept 1989], supra; Dioguardi v St. John’s Riverside Hosp., 144 AD2d 333 [2d Dept 1988].)
If the movant can meet this higher burden and establish the need for disclosure from a nonparty, the court must make a further analysis because the drafters of Assembly Bill A 11659-A also incorporated the limitations of CPLR article 31 which protect "against harassment and burdensome requests, and guarantee! ] the protection of the child.”[6] Thus, the legislation included a provision allowing the issuance of protective orders pursuant to CPLR 3103 which deny, limit of regulate the use of any discovery device. In determining whether to issue a protective order regarding disclosure, Family Court Act § 1038 (d) requires a court to balance the "need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery.”
*130 C. Adequate Special Circumstances
Depositions, as a vehicle for discovery, serve a multitude of functions, the primary one being that a party can learn what a witness is going to say before s/he testifies at trial. Secondarily, depositions can lead a party to other discoverable material related to the case, can assist in the preparation of a defense, and can create a record for impeaching a witness’s testimony at trial.
Considering that in child protective cases, the breadth of the questioning in a deposition could potentially range from a child being a fact witness to the events and circumstances giving rise to the case, to providing information regarding the practices and procedures of a caseworker, validator or other expert witness, or the behavior of a custodial parent or caretaker, the emotional consequences of granting depositions of children could be enormous.[7] For these reasons, requests to take depositions of children are at least as less intrusive as requests to *131 perform second examinations upon children by expert witnesses.[8]
In the matter before this court, the respondent has not demonstrated "adequate special circumstances” entitling him to the discovery he wishes. First, the content of the children’s statements is already known to the respondent since he obtained a copy of the case record on February 2, 1996 and has reviewed the entries which pertain to November 13, 1995; and the respondent deposed Ms. Wilson for a second time on February 14, 1996 and had the opportunity to question her extensively regarding the circumstances under which the statements were made and their precise content. Second, the children’s hearsay statements are admissible in evidence pursuant to Family Court Act § 1046 (a) (vi) through the testimony of others. If the statements are corroborated, there is no need to call the children to testify and neither the Commissioner nor the Law Guardian presently intends to do so. Third, if the respondent subpoenas Elizabeth and Latoya to testify at trial, he will have a sufficient opportunity to elicit testimony which might contradict other evidence in the record, test their credibility, and explore the motivations for Latoya’s second statement about the cause of Jack’s injuries. The respondent offers no compelling reason for requiring the children to undergo oral examinations twice.[9]
D. Balancing the Rights
Assuming that the reasons set forth by respondent Carl S. constitute "adequate special circumstances” to depose a nonparty, the court must still balance the need for the discovery against the potential harm to the children and determine whether it is appropriate to the proceedings. In seeking a proper balance, the Court of Appeals has repeatedly said that the overriding concern of the Family Court Act is the *132 protection of children and, therefore, the balance must tip in their favor. (Matter of Nicole V., 123 AD2d 97, 104 [1st Dept 1987], affd 71 NY2d 112 [1987].) In achieving this balance, the court must take into account its power to condition the discovery, if necessary (Matter of Jessica R., supra, at 1034), and whether that would obviate any of the adverse consequences of allowing it.
Child protective proceedings are structured so as to insulate children from the proceedings as much as possible. To this end, the prior, hearsay statements of victimized children may be corroborated by "[a]ny other evidence tending to support the reliability.” (Family Ct Act § 1046 [a] [vi].)[10] Deposing children who are the subjects of abuse and neglect proceedings runs counter to the protections of Family Court Act § 1046 and all of the other provisions set forth in the Family Court Act to distance the children from the litigation.[11]
*133 In deciding this motion, the court cannot ignore the fundamental nature of an examination before trial or an oral deposition midtrial. It is overly simplistic to accept the respondent’s equity argument and grant his motion to depose the children in order to give him the same access to the children which the Commissioner and the Law Guardian have had. While the respondent articulates his motivation as merely a desire to get the facts from the source, a skillful opponent will simultaneously attempt to create confusion in the witness’s mind, cultivate inconsistencies in the witness’s story, and elicit material supportive to the theory of the respondent’s defense, e.g., coaching and undue influence by others. In the case of some children, the sheer retelling of an abusive event, in and of itself, can create psychological trauma. However, an even greater risk to the children’s emotional well-being may come from placing them in a situation where they must defend themselves against the most powerful figures in their lives. •
Finally, it is important for a court, when handling cases involving children who have been removed from their homes and familiar surroundings, to do so in an expeditious way. Granting motions for pretrial depositions of children will inevitably cause these proceedings to become more protracted.[12]
There are two additional considerations which enter into the balancing this court must do in this particular case. To begin with, Annette R.-S. is appearing in this matter pro se. She is entitled to attend any deposition of her children; therefore, a protective order excluding her is not feasible. Nor is it possible to ignore the fact that in making this discovery motion, the respondent has singled out Elizabeth and Latoya, who are not themselves victims of any allegéd abuse or "neglect. Consequently, the motion appears to be a vehicle for harassing the children rather than a tool for legitimate discovery.
Conclusion
Based on the foregoing, the Law Guardian’s and the Commissioner’s motion for a protective order is granted. The *134 respondent’s motion to depose Elizabeth R. and Latoya R. is denied because he has not- set forth adequate special circumstances or some extraordinary condition to warrant an oral deposition of either child, because this form of discovery is not appropriate to the proceedings, and because the potential harm to the children outweighs the respondent’s need for the deposition.

. Karen Wilson, a caseworker employed by the Administration for Children’s Services, was assigned to investigate the allegations that Michael and Jack R were physically abused by the respondents. Elizabeth was never interviewed by the caseworker. On April 13, 1995, Ms. Wilson interviewed Latoya who stated her brother, Jack, was injured when he fell over a fence. On subsequent occasions after the children were removed from the home, Ms. Wilson tried to speak with Latoya but she was uncooperative. On November 13, 1995, however, at the conclusion of a parent-child visit, Elizabeth and Latoya approached Ms. Wilson and asked to speak with her. Both girls told Ms. Wilson that Jack was not injured by falling over a fence. Each girl said Mr. S. hit him.

. They argue that the in-court testimony of the children is not relevant or material since their statements can be admitted through the testimony of others; that the children are not parties to the proceeding; and that the respondent has failed to make a showing that he is entitled to depose them as nonparty witnesses under CPLR 3101 (a) (4). The Law Guardian relies on the body of case law evolving under Family Court Act § 1038 (d) with regard to second evaluations of children by expert witnesses and seeks a protective order denying this discovery. The Commissioner relies on the case law under CPLR 3101 (a) (4) which requires the respondent show "adequate special circumstances” in order to depose a nonparty witness. Both the Law Guardian *128 and the Commissioner further maintain the motion should be denied because depositions of children, while theoretically permitted under Family Court Act § 1038 (d), are not appropriate or advisable because of the potential harm to the well-being of the children. (Matter of Jessica R., 163 AD2d 543, 546 [2d Dept 1990], revd 78 NY2d 1031 [1991]; Matter of Vanessa R., 148 AD2d 989 [4th Dept 1989]; Matter of Maria F., 104 Misc 2d 319 [Fam Ct, Bronx County 1980].)

. Letter on Behalf of Legal Services for New York City in support of NY Assembly Bill A 11659-A, July 18,1990 Bill Jacket, op cit.; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 165, at 111 (remarking that one of the most litigated areas of disagreement about the applicability of the CPLR involves its disclosure provisions).

. Mem of Assembly Comm on Children & Families in support of NY Assembly Bill A 11659-A (op cit.).

. Ibid.

. Mem of Assembly Comm on Children & Families in support of NY Assembly Bill A 11569-A. (Bill Jacket, op cit.)

. Within the context of child protective proceedings, the question of whether pretrial depositions of children who are the subjects of abuse and neglect proceedings should be permitted has arisen three times but only once since the enactment of subdivision (d) of Family Court Act § 1038 (L 1990, ch 867, § 1). In Matter of Diane B. (96 Misc 2d 798, supra), the Family Court Judge allowed pretrial depositions of three children, finding adequate special circumstances. To minimize the "potential for annoyance, embarrassment or intimidation of the children,” the court excluded the respondent from the deposition (at 801).
In the only case decided after the enactment of Family Court Act § 1038 (d), the Family Court Judge in Matter of Tricia K. (160 Misc 2d 935, supra) granted a motion for pretrial depositions of two children. To afford protection to the children, the deposition was to be conducted before the Trial Judge and under his supervision. The court apparently treated the children as parties and allowed the discovery under CPLR 3101 (a) (1) merely upon a showing that the evidence would be "material and necessary.” The opinion does not discuss the children’s status as nonparties or whether "adequate special circumstances” should be required in order to obtain discovery from them.
In contrast to these two cases, another Family Court Judge in a pre-1990 case held that an oral deposition of a disabled 12-year-old child would not be appropriate. (Matter of Maria F., 104 Misc 2d 319 [Fam Ct, Bronx County 1980], supra.) There have also been decisions in Family Court proceedings which have ruled on the propriety of pretrial depositions of individuals other than the subject children and the courts have concluded that they are not appropriate. (Matter of Vanessa R., 148 AD2d 989 [4th Dept 1989], supra; Kunz v Kunz, 119 Misc 2d 80 [Fam Ct, Nassau County 1983]; Matter of Carla L., 45 AD2d 385, 387 [1st Dept 1974]; Schwartz v Schwartz, 23 AD2d 204 [1st Dept 1965].) Since the 1990 amendment to Family Court Act § 1038, the depositions requested in Vanessa R. and Carla L. would more likely be granted, particularly since they involve the parties and adult nonparty witnesses.

. With regard to the latter, the Court of Appeals has cautioned trial courts not to grant these motions as a matter of routine (Matter of Jessica R., 78 NY2d 1031, 1033 [1991], supra), nor should the courts presume the necessity for these evaluations. (Matter of Kaitlyn S., 148 Misc 2d 276 [Fam Ct, Rockland County 1990].) The restraint urged by these courts and the reasoning therefor seems equally applicable to the type of discovery request before this court.

. Some of those who commented on NY Assembly Bill A 11659-A acknowledged the problems that the discovery provisions could create. In its Memorandum in Support dated July 10, 1990, the New York State Council on Children and Families cautioned the courts to "consider the potential harm that may result to child witnesses if they must give repeated or prolonged testimony.” (Bill Jacket, op cit.)

. Courts have accepted, for this purpose, medical reports, photographs, opinions of expert witnesses, unsworn testimony of the child and cross-corroboration of siblings. (Besharov, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29Á, Family Ct Act § 1046, 1996 Pocket Part, at 188.)

. The courts which have addressed this issue in the past have focused primarily on the child’s age and whether the child is emotionally fragile. The inquiry does not begin and end with these criteria. There are several other factors which cannot be overlooked and are of significance in reaching a determination of appropriateness.
Authorizing depositions of an allegedly abused or neglected child who might not otherwise have to testify exposes the child to unnecessary stress and turmoil regardless of the outcome of the case. (Matter of Maria F., 104 Misc 2d 319 [Fam Ct, Bronx County 1980], supra.) In those cases where there is no corroborating evidence and the child must testify at the fact-finding hearing, the pretrial deposition forces the child to give testimony twice. If the child’s testimony and, ultimately, protection is going to be jeopardized, it should occur at the trial and not before.
It is conceivable that a child, if deposed, might say something at variance with the caseworker’s testimony or even the child’s own prior statements. Under CPLR 3117 the child’s deposition cannot be offered into evidence and used to impeach the caseworker. The respondent would have to call the child as a witness at the trial. If the child says something which is inconsistent with his/her own prior statements, again the child would have to be called as a witness in order to use the deposition for impeachment. Relying on a deposition to impeach a child’s later testimony, however, is problematic since there are a variety of factors (such as differing developmental and cognitive levels, the absence of psychological insight into behavior, diminished ego-strength, etc.) which affect a child’s responses to the questions more than an adult’s. Because of this, additional expert witnesses might have to testify and explain the nature and sophistication of children’s thought production, processes and content and why an apparent inconsistency, contradiction or recantation may not be one after all. This would introduce an entirely collateral matter into the proceeding.

. In a memorandum recommending disapproval of NY Assembly Bill A 11659-A, dated July 18, 1990, the Mayor of the City of New York expressed concern that "[t]he use of extensive pre-trial disclosure (e.g. motions, interrogatories) will severely delay proceedings in the Family Court * * * Delays will also cause proceedings involving children to conclude much later than currently, thereby putting the status of children in limbo for longer periods of time.” (Bill Jacket, L 1990, ch 867.) The New York Public Welfare Association, Inc. expressed the same sentiments in its memorandum in opposition to NY Assembly Bill A 11659-A, dated July 13, 1990. (Ibid.)