■ In the Matter of AMEILLIA RR., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MEGAN SS., Appellant, et al., Respondent. [944 NYS2d 679]—

Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered August 9, 2011, which, in a proceeding pursuant to Family Ct Act article 10, denied a motion by respondent Megan SS. to have the subject child be made available for examination by a physician.

Petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent Megan SS. (hereinafter the mother) and her live-in partner, respondent Thomas TT., had neglected the mother's child, Ameillia RR. (born in 2008). The petition alleged that the child had sustained bruises and other unexplained injuries while in respondents' sole care. The mother moved, pursuant to Family Ct Act § 1038 (c), for an order directing that the child—reportedly placed in the custody of her father at the outset of these proceedings—be made available for a pediatric examination to determine if she suffers from a medical condition that causes her to bruise easily, as the mother alleged (*see Matter of Jessica R.*, 78 NY2d 1031, 1032-1034 [1991]). Petitioner, together with the attorney for the child and the child's father, opposed the application, which Family Court denied in a written order entered August 9, 2011, finding that

the mother's submissions were facially insufficient to support the requested relief. The mother has appealed from that order.

We have been advised that Family Court subsequently conducted a hearing and issued an order of fact-finding and disposition entered February 15, 2012 concluding that respondents had neglected the child.* Placement of the child was continued with the father, with supervised visits to the mother. Thomas TT. was directed to have no contact with the child and orders of protection were issued. The mother thereafter appealed separately from those orders, which are not yet before us.

Intermediate orders in Family Ct Act article 10 matters involving abuse and neglect are appealable as of right (*see* Family Ct Act § 1112 [a]). However, the mother's within appeal from the intermediate discovery order must be dismissed as moot, in this context, because the fact-finding and dispositional hearings have concluded and, thus, there is no proceeding pending in which this Court might direct the requested examination of the child, were the mother to prevail. That is, it cannot be said that "the rights of the parties will be directly affected by the determination of the appeal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]), as a favorable ruling would not entitle the mother to any particular relief.

This discovery statute "is designed to enhance procedural fairness and the fact-finding process" (*Matter of Jessica R.*, 78 NY2d at 1033). The resulting discovery order here is only reviewable in conjunction with the appeal of the final order, wherein the record as a whole may be evaluated to determine whether the application was properly denied and, if not, the appropriate remedy (*see e.g. Matter of Fatima M.*, 16 AD3d 263, 272-273 [2005]; *Matter of Ashley B.*, 2 AD3d 1402, 1402 [2003], *lv denied* 2 NY3d 702 [2004]; *Matter of Keith JJ.*, 295 AD2d 644, 646 [2002]; *Matter of Enrique B.*, 267 AD2d 75, 75-76 [1999], *lv denied* 94 NY2d 762 [2000]; *Matter of Megan G.*, 266 AD2d 835 [1999], *lv denied* 94 NY2d 761 [2000]; *Matter of Tyler K.*, 261 AD2d 834, 834 [1999]; *Matter of Dawn H.*, 221 AD2d 235 [1995]; *Matter of Diana D.*, 218 AD2d 697, 697-698 [1995]; *cf. Matter of Crystal AA.*, 271 AD2d 771, 771 [2000], *appeal dismissed* 95 NY2d 903 [2000]). The mother's appeal from the fact-finding order and disposition brings up for review all nonfinal orders that affected the final judgment (*see* Family Ct Act § 1118; CPLR 5501 [a] [1]).

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* The fact-finding and dispositional order reflects that the nonrespondent father of the child appeared with counsel and participated as an interested party intervenor (*see* Family Ct Act § 1035 [d]).