## (May 30, 1974)

In the Matter of NICHOLAS GRADO, Appellant, v. CATHLEEN GRADO, Respondent.— In this habeas corpus proceeding to change custody of a 10-year-old child, Anthony Grado, from respondent, his mother, to relator, his father, the latter appeals from an order of the Family Court, Kings County, dated March 11, 1974, which (1) dismissed the writ, (2) suspended all visitation rights of relator for six months, (3) directed relator and respondent to obtain psychiatric or psychological treatment during that period, (4) granted relator leave to apply to said court, after said period, for limited visitation rights, upon presentation of a favorable report from his psychiatrist or psychologist, and (5) directed respondent to submit a report at the end of said period concerning her treatment and mental health. Order reversed, on the law and the facts and in the exercise of discretion, without costs, and proceeding remanded to the Family Court to grant and fix relator's visitation rights to an extent not inconsistent with the views herein set forth. We deplore this discord between Anthony's parents. We agree with the Family Court that persistent litigation involving Anthony's custody and upbringing has been harmful to him. However, under the circumstances in this case, and more particularly Anthony's strongly expressed love for relator and his desire to be with him, we are of the opinion that the Family Court improvidently exercised its discretion in suspending all of relator's visitation rights for at least six months and should now grant appropriate visitation rights to relator. In a child custody proceeding the court presiding as the chancellor in the role of *parens patrie* for the infant, whether he be a Supreme Court Justice or a Family Court Judge, may consider opinion testimony of a psychiatrist or psychologist who examined the parents and the child, in arriving at its determination as to proper custody and visitation rights. The court has no power to compel the parents to undergo therapy treatments or analysis from a psychiatrist or a psychologist for six months and obtain a favorable report from such a therapist before considering an appropriate visitation allowance to a father. But under section 251 of the Family Court Act the Family Court in New York City may order a parent or the infant to be examined by a psychiatrist

ist at a New York City hospital or a private institution desig- ules of the Family Court or of the Appellate Division, or in the f the Family Court, and consider the report of such an examina- iving at its judgment in a custody proceeding. Hopkins, Acting allo, Shapiro, Christ and Benjamin, JJ., concur.