■ In the Matter of MICHELLE A. et al., Children Alleged to be Abused and/or Neglected, Appellants. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; NADINE C. et al., Respondents

In December 1987 the Nassau County Department of Social Services commenced these consolidated proceedings charging that the mother's boyfriend had sexually abused 3 of her 4 children and even though the mother was aware of the incidents she did nothing to prevent or stop them. At the time of the incidents the mother was divorced from the father of her eldest daughter and separated from the father of her three younger children. All of the children were temporarily placed in the custody of their respective fathers and the Nassau County Department of Social Services referred the matter to the North Shore Hospital Family Crisis Program for psychological evaluation and counseling. After separate and independent evaluations of the fathers and the children, it was concluded that the three younger children had been victims of sexual abuse.

Thereafter, the mother moved, *inter alia,* for an order directing that the children be produced for an examination by a psychiatrist of her choice. The mother alleged that the North Shore Hospital evaluations might be tainted since the children were brought to the hospital by their fathers. It was the mother's contention that the sexual abuse complaints were made by the children at the instigation of their fathers.

The Law Guardian appointed to represent the children brought this appeal challenging so much of the order of the Family Court as directed that the children be examined by a psychiatrist of the mother's choice. It is argued that the order is in violation of this court's holding in *Rosenblitt v Rosenblitt* (107 AD2d 292). However a review of *Rosenblitt v Rosenblitt (supra)* and its progeny reveals that the decision in that case was limited to child custody proceedings where one party sought an order pursuant to CPLR 3121 directing the other party to submit to a physical or mental examination *(see, Rosenblitt v Rosenblitt, supra; Forrest v Forrest,* 131 AD2d 425; *Sardella v Sardella,* 125 AD2d 384; *Lohmiller v Lohmiller,* 118 AD2d 760).

Nevertheless we find that it was inappropriate for the court to order an examination of the children by the mother's psychiatrist. Family Court Act § 251 gives the court the inherent power to subject any person in its jurisdiction to an examination by a "physician, psychiatrist or psychologist *appointed or designated for the purpose by the court"* (emphasis added). The statute makes it clear that the examination should be done by a court-appointed professional and not one chosen by a party to the proceeding *(see, Matter of Crystal H.,* 135 Misc 2d 265; *Giraldo v Giraldo,* 85 AD2d 164, 172, *appeal dismissed* 56 NY2d 804; *Matter of Grado v Grado,* 44 AD2d 854; *see also, Matter of Dara R.,* 119 AD2d 579).

We therefore remit the matter to the Family Court so that it may consider whether any further psychological evaluation of the children is proper and if so, for the appointment of a professional to conduct the interviews. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.