OPINION OF THE COURT
William P. Warren, J.
This proceeding was commenced by the filing of a child *611 abuse petition on November 14, 1989. The child who is the subject of the proceeding was born on March 8, 1986. The allegations in the petition alleged both sexual contact and deviate sexual intercourse between the respondent and the child.
Before the court at this time is an application made by the respondent, David, for an order directing that the child, Nicole, and her mother, Janet, be examined by either Gary Pagano, M.D. or Peter H. Ferber, M.D. In support of the application, there is an affirmation of the attorney for the respondent. No other affirmations, affidavits or exhibits are submitted by the moving party. The application is opposed by the attorney for the Child Protective Services by opposing affirmation and exhibits. The Law Guardian who is appointed to represent the child also opposes the application through the submission of an affirmation and an exhibit.
Section 1038 (c) of the Family Court Act is cited by the respondent as support for his application. This new subdivision was added to article 10 of the Family Court Act by Laws of 1989 (ch 724) effective July 24, 1989. The language of the new subdivision is as follows: "A respondent or the law guardian may move for an order directing that any child who is the subject of a proceeding under this article be made available for examination by a physician, psychologist or social worker selected by such party or law guardian. In determining the motion, the court shall consider the need of the respondent or law guardian for such examination to assist in the preparation of the case and the potential harm to the child from the examination. Nothing in this section shall preclude the parties from agreeing upon a person to conduct such examination without court order.” (Family Ct Act § 1038 [c].)
Before the enactment of this statute, several cases had dealt with the issue of a request by a party for a second examination of a child who was alleged to have been sexually abused. In Matter of Tara H. (129 Misc 2d 508) the Family Court denied a respondent’s request for a second examination. The child who was the subject of the proceeding was five years old and had been seen by an expert selected by the Law Guardian. After the results were received, respondent’s counsel asked for an adjournment and an opportunity to conduct a second interview. Both the Law Guardian and the petitioner opposed the application on two grounds. First, that to subject this child to a second examination would cause her harmful *612 stress. Second, the examination which had already been conducted was done by an independent evaluator selected by the Law Guardian. Judge Sondra Miller denied the application and held: “A second validation interview would be adverse to the best interests of the child in this case. The validation process requires that the child establish a relationship with the expert. It necessitates the child’s recounting and reliving the traumatic incidents suffered. She must overcome fear, guilt and embarrassment. Multiple validations would subject a truthful child to another form of child abuse. The child would interpret the compulsory subsequent interviews as a challenge to her veracity. On the other hand, a child fabricating such abuse must be severely emotionally disturbed and could be seriously traumatized by continuous probing.” (Matter of Tara H., 129 Misc 2d 508, 509, supra.)
More recently, the Appellate Division, Second Department, in Matter of Michelle A. (140 AD2d 604) was confronted with a decision of the Nassau County Family Court which had granted a respondent’s motion to have several children examined by a psychiatrist of her choosing. In reversing the Family Court and remitting it back for further proceedings, the Appellate Division stated: “Nevertheless we find that it was inappropriate for the court to order an examination of the children by the mother’s psychiatrist. Family Court Act § 251 gives the court the inherent power to subject any person in its jurisdiction to an examination by a ‘physician, psychiatrist or psychologist appointed or designated for the purpose by the court’ (emphasis added). The statute makes it clear that the examination should be done by a court-appointed professional and not one chosen by a party to the proceeding (see, Matter of Crystal H., 135 Misc 2d 265; Giraldo v Giraldo, 85 AD2d 164, 172, appeal dismissed 56 NY2d 804; Matter of Grado v Grado, 44 AD2d 854; see also, Matter of Dara R., 119 AD2d 579).” (Matter of Michelle A., 140 AD2d 604, 605, supra.)
In a decision reported in the New York Law Journal, Matter of Danielle P (Aug. 10, 1988, at 23, col 2), the Family Court of Broome County was faced with a fact pattern remarkably similar to that before this court. There the child was 3 Vi years of age, was alleged to have been abused by her father, had been examined by a validator for a local agency and the respondent was seeking a second examination. Each of those factors exist in the instant case. Judge Ray cited both Matter of Tara H. (129 Misc 2d 508, supra) and Matter of Michelle A. (140 AD2d 604, supra) in denying the application. He held:
*613 "Article 10 contains legal safeguards for the respondent. Although the statutory exceptions to the hearsay rule serve the best interest of the child, the burden of proof still remains on the Petitioner Social Services Department. The prima facie case must be established by petitioner. The statute protects the respondent and guarantees his due process rights by requiring that out of court statements of the child to the validator be corroborated. The petitioner must prove that the validation was properly performed and the expert witness properly qualified in order for the court to find the necessary corroboration.
"Neither the child’s best interest nor the goal of determining what happened and who the perpetrator is, if any, would be served by the subjection of this 3 Vi year old child to a second psychologist, an adult expert adversary, selected by and representing the alleged perpetrator.” (Matter of Danielle P, NYLJ, Aug. 10, 1988, at 23, col 3 [Fam Ct, Broome County].)
However, since these cases were decided, the Legislature has enacted section 1038 (c) of the Family Court Act. A key issue for this court is what effect this statutory change has had on the standards to be followed by courts when deciding this type of an application.
Prior to the enactment of Family Court Act § 1038 (c), the Appellate Division, Second Department, in Matter of Michelle A. (supra), had relied on Family Court Act § 251 when it held that an examination of children should not be by a doctor hired by one party but, if a further examination is proper, then it should be by a court-appointed professional. It appears to this court that by enacting Family Court Act § 1038 (c), the Legislature of the State of New York has effectively changed the rule set forth by the Appellate Division in Matter of Michelle A. No longer must a second examination be conducted by a court-appointed professional.
The language of Family Court Act § 1038 (c) establishes a two-pronged test for the court when faced with an application for an examination by a psychiatrist, psychologist or social worker selected by the respondent or the Law Guardian. First, a review of the need of the respondent to have such an exam to assist in preparing the case must be undertaken. Second, the court must look at the potential harm to the child in submitting to the examination. Nothing in the language of Family Court Act § 1038 (c) gives the court any further guidance in resolving such a motion.
*614 The court has attempted to review the legislative history behind this new statute. Interestingly, the statutory language would appear to be somewhat at variance with the New York State Assembly memorandum in support of legislation which accompanied it. That memorandum provided, in pertinent part, as follows: "In sexual abuse cases, petitioners often present experts who have interviewed the child, to offer an opinion as to whether a child has been sexually abused. Respondents and the law guardians should also be able to have the child examined to offer an opinion on the truth of the allegations or the condition of the child. Courts have interpreted the current provisions of the Family Court Act as prohibiting this. Matter of Michelle A., 140 AD2d 604, 528 NYS2d 652 (Second Department 1988). See also Matter of Danielle P., NYLJ August 8, 1988, p. 23, col. 2 (Fam. Ct. Broome County). The court is directed to grant the examination unless it would endanger the child’s physical or emotional health. Such limits should only be imposed when the harm of a further examination outweighs the harm to the child of an erroneous factual determination by the court, since such a determination will effect where the child will live and whether the child may be subsequently abused. It is anticipated that most applications will be granted, and that parties will be able to arrange them on consent without the need for an application to the court.”
The language of the memorandum reveals an intention to have Family Court Act § 1038 (c) require courts to grant applications to have children examined by a respondent or Law Guardian’s physician, psychologist, or social worker in the absence of a showing of danger to the child’s physical or emotional health. Yet the language of the statute creates a balancing test, i.e., the court must weigh the respondent or Law Guardian’s need for the examination to assist it in preparing the case against the potential harm to the child.
From the language used in the memorandum, it appears that the Legislature, at least the Assembly, intended to create a presumption in favor of an examination unless there was a showing of danger to the child. If this was intended, the statutory language used in Family Court Act § 1038 (c) should have been different. While the court is cognizant of the New York State Assembly memorandum in support of the legislation, such memorandum cannot substitute for the clear language of Family Court Act § 1038 (c). Therefore, this court holds that Family Court Act § 1038 (c) has effectively over *615 ruled the prior case law of this State in that the court may order children who are the subjects of neglect and abuse proceedings to be evaluated by a physician, psychologist, or social worker of a party’s choosing. However, the standard to be applied by the courts in determining such applications is a balancing test. The court is to weigh the need of the party requesting the examination to assist it in preparing the case, against the potential harm the child may suffer as a result of a second examination. There is no presumption in the law either in favor or against such second examination.
The court now turns to the instant application. In support thereof, the attorney for the respondent claims that the child has been examined by "an employee of the Department of Social Services named Gorsky, who purports to be a 'validator’.” He goes on to state that he "believes there is a problem with a non-child psychiatrist attempting to evaluate whether or not there has been sexual abuse.”
The resumé of Margaret Gorsky is annexed to the affirmation of the attorney for the Child Protective Services as well as the affirmation of the Law Guardian. According to the resumé, it should be noted that Ms. Gorsky indicates she is an employee of the Department of Mental Health, not the Department of Social Services as alleged by the moving party. She sets forth a number of qualifications to establish her expertise in the area of child sexual abuse.
Her resumé indicates that she has been employed by the Department of Mental Health since June of 1989 as coordinator of sexual abuse services. This position involves validating allegations of child sexual abuse and includes performing independent assessments and design of treatment plans for victims of sexual abuse and their families. Her last position prior to that employment was at the Center for Family Development in Beverly, Massachusetts, where she was a clinician/supervisor from November 1987 through January 1989. In this position she was providing treatment to individuals, couples and families of sexually abused children. She engaged in extensive work with young victims using play therapy techniques.
Margaret Gorsky has presented at several workshops between October of 1988 and December of 1989 on issues related to sexually abused children. Some of the professional training she has received includes workshops in "advanced training in the treatment of sexual abuse”, "child sexual abuse”, "manag *616 ing and treating the incestuous family”, "incestuous child abuse; framework and techniques for family therapy”, and "treating the sexually abused child”.
A review of the resumé of Ms. Gorsky reveals that she has had substantial experience dealing with families and children where sexual abuse has occurred and she has received significant education in this field. She is not a physician but has a Masters of Arts in social work from the University of Chicago with a concentration in the area of treatment with families and children.
The moving party suggests that Gary Pagano, M.D., a child psychiatrist, be used to examine the child, Nicole. However, no resumé, curriculum vitae, or other information regarding Dr. Pagano is presented to the court except for the attorney’s statement that the Department of Social Services of Rockland County in the recent past has used Dr. Pagano to evaluate sexual abuse cases. Nonetheless, the attorney for the Department opposes the application. Although the name of Dr. Peter Ferber is set forth by the attorney in his order to show cause as an alternative to Dr. Pagano, the name of Peter Ferber is not even contained in his affirmation and no information at all is set forth on that physician.
Although the attorney for the moving party claims there is "a problem with a non-child psychiatrist attempting to evaluate whether or not there has been sexual abuse”, nowhere is it explained to this court why such is a problem. The court notes from having had a number of child sexual abuse trials before it and having read extensively in the area of child sexual abuse, that many of the experts in this field are not child psychiatrists but are other professionals such as social workers or psychologists with extensive training and experience in this field.
It is clear to the court that the moving party has utterly failed to provide the court with sufficient information regarding the parties who had been proposed to perform an examination. Nor has the moving party adequately explained to the court why there is a problem with a nonchild psychiatrist performing an evaluation.
The provisions of section 1038 (c) of the Family Court Act establish a balancing test for the court when considering an application made by a party for an evaluation of a child by a physician, psychologist or social worker selected by the party. The first aspect of the test is to assess the need of the *617 respondent for the examination to assist him/her in the preparation of the case. The papers submitted by the moving party herein contain nothing more than a conclusory statement that "the need of the respondent in this matter to have a competent child psychiatrist evaluate this case is extremely important”. A court should not be forced to speculate regarding why it is necessary for the respondent to have the child examined by a physician selected by him or her. Merely indicating to the court that it is "extremely important” is not a demonstration of need.
The second aspect of the test is to consider the potential harm to the child from the examination. The Law Guardian, in his affirmation, claims that the child has already been seen by Ms. Gorsky on three occasions and based upon his conversations with her, he is of the opinion that the child would be reluctant to talk to anyone concerning the allegations, and would in all probability refuse to speak to anyone of the male gender at all. He opposes the application for further examination and claims that common sense dictates that the child would be distressed if subjected to further examination.
It is clear to the court that the law now permits a second examination of a child in a proceeding involving allegations of sexual abuse and that that examination may be performed by a physician, psychologist or social worker selected by the respondent or Law Guardian (Family Ct Act § 1038 [c]). However, the court would be remiss if it did not require a showing of need and lack of significant harm prior to directing a second evaluation.
In the instant case, the evaluation has been performed by an employee of the Rockland County Mental Health Center. It must be noted that the person who performed the evaluation is not an employee of the petitioning agency which is the Rockland County Department of Social Services. Further, Family Court Act § 251 permits this court to direct examinations of persons who appear before it when it appears that such an examination will serve the purposes of the act. When the court directs such an examination, section 251 specifies who may perform same. The options applicable to a county outside of the City of New York include a hospital maintained by the county in which the court is located, a hospital maintained by the State of New York, or a qualified private institution approved for such purpose by the local social services department.
*618 In this case, the examination has been performed by an employee of the Rockland County Mental Health Center, a county agency which has a hospital. Therefore, although the court did not direct the performing of the instant evaluation, had the court done so, it is the Rockland County Mental Health Center which would have been directed to perform the examination. In fact, on numerous prior occasions this court has directed the Rockland County Mental Health Center to perform examinations pursuant to Family Court Act §,251. Since the evaluation of this child was not performed by an employee of the agency which commenced this proceeding but by an employee of the Rockland County Mental Health Center, such evaluation is equivalent to the court having directed an examination of the child by an independent evaluator.
The balance to be struck under these facts must be to deny the application for a second examination. No real showing of need for a second examination has been made by the moving party. The court was not provided with any significant information concerning the education, training and experience of the physician who was proposed to perform the examination. The Law Guardian who is charged with representing the child’s interests, claims the child will be harmed by being subject to such an exam. Finally, the examination already conducted was performed by a person not in the employ of the petitioning agency but in the employ of the agency used by this court when it issues orders under Family Court Act § 251.
The parties are directed to appear before the court for a fact-finding hearing on February 1, 1990.