OPINION OF THE COURT
William P. Warren, J.
This is an application by the respondent brought on by notice of motion and supporting affirmation dated May 30, 1990 seeking 13 different items of relief, all of which relate to pretrial discovery. The application was partially opposed by the petitioner’s attorney by affirmation in opposition of June 11, 1990 and opposed by the Law Guardian by affirmation in opposition of June 8, 1990. Respondent submitted a reply affirmation dated June 13, 1990 and the matter was heard before the court on June 21,1990.
In a decision from the bench, this court granted and denied certain portions of the motion. However, those branches of the motion seeking either (1) a psychiatric and/or psychological examination of the respondent, his wife, and the two children who are the subject of this proceeding, or (2) a psychiatric evaluation of the children by an expert designated by the respondent, were not determined on that date. At that time, an evaluation of the children by Dr. Peter Ferber had just been delivered to the court and counsel. Consequently, the court permitted the respondent until July 13, 1990 to review the evaluation and if, after doing so, he believed that there were valid reasons to continue to request an additional examination, to submit those reasons to the court. Respondent has, by supplemental affidavit dated July 11, 1990, continued that application. Opposition to the application was received from petitioner’s counsel by affirmation in opposition of July 19, 1990 and from the Law Guardian by reply of July 19, 1990.
The supplemental affidavit of July 11, 1990 also contained a renewed request for an examination before trial and independent psychological evaluation of the respondent’s wife and mother of the children. That relief was also opposed by petitioner’s attorney while the Law Guardian submitted no *278 position. The wife is not a respondent but she has been added to the proceeding as a nonrespondent parent pursuant to Family Court Act § 1035. Although counsel was assigned for the nonrespondent parent and that counsel has appeared in the proceeding, the supplemental affidavit seeking her examination before trial and an independent psychological evaluation of her was not served upon her counsel. Consequently, that branch of the motion must be denied for failure to serve the nonrespondent party who has appeared by counsel and who would be primarily affected by the granting of the relief sought. (See, CPLR 2103 [e]; 2214.)
The allegations of the petitions herein are that the respondent has committed sex offenses against his two-year-old daughter and four-year-old son. An evaluation of each child was performed by Peter H. Ferber, M.D., on referral from the Child Protective Services agency which is the petitioner in this proceeding. Dr. Ferber saw each child on more than one visit and saw the nonrespondent mother and the respondent father. The court and counsel have been provided with copies of his 10-page report on the daughter and his 12-page report on the son.
Respondent bases his request for a second examination of the children upon Family Court Act § 1038 (c). That section provides as follows: "(c) A respondent or the law guardian may move for an order directing that any child who is the subject of a proceeding under this article be made available for examination by a physician, psychologist or social worker selected by such party or law guardian. In determining the motion, the court shall consider the need of the respondent or law guardian for such examination to assist in the preparation of the case and the potential harm to the child from the examination. Nothing in this section shall preclude the parties from agreeing upon a person to conduct such examination without court order.”
Recently, the Appellate Division, Second Department, in Matter of Jessica R. (163 AD2d 543), construed this newly enacted (July 24, 1989) section of the Family Court Act. In that case, the Westchester County Family Court had granted a respondent’s motion to compel his daughter to submit to both a physical examination by a medical doctor and either a psychiatric or psychological examination. The child was six years of age and had already been through an evaluation by a doctor of social work which required several meetings. On the issue of a second psychiatric or psychological examination, the *279 court, in a 3-to-2 decision, affirmed the Family Court’s determination to allow a second examination. In so holding, the court stated (supra, at 545): "It cannot be seriously disputed that the information sought by the father from an examination of the allegedly abused child by either a psychiatrist or a psychologist is material and necessary to the preparation of his defense. Expert testimony derived from such examination will 'inform the court of the test subject’s involuntary bodily reactions when asked specific questions; information, which the court, as trier of the facts, could neither obtain nor interpret otherwise’ (Matter of Meyer, supra, at 419). Moreover, the art or science of psychiatry and psychology 'is not so precise that the opinion of a single "impartial” expert resolves all issues * * * Rather, the reverse is true — the larger the pool of experts, the greater the stream of potentially useful information made available to the court’ (Rosenblitt v Rosenblitt, 107 AD2d 292, 298 [Lazer, J., dissenting]), to avoid the potentially 'draconian results of either an erroneous finding of abuse against a parent or an erroneous dismissal’ (Matter of Meyer, supra, at 419).”
The court went on to address the impact of a prior validation or evaluation interview upon an application for a second evaluation. That fact alone is not enough to justify a denial of a second interview by another expert. As the court stated: "Thus, in the absence of special circumstances or potential harm to the subject child, the fact a validation interview had previously been conducted does not render an examination of the infant whose condition is in controversy by a psychologist or psychiatrist of the respondent’s selection unjustified. Here, the mere fact Jessica R. is a child of tender years, albeit a serious consideration, does not override the demonstrated need for such an examination to be conducted by a qualified professional capable of minimizing any possible stress stemming from the examination.” (Matter of Jessica R., supra, at 545-546).
This court interprets the majority decision in the Matter of Jessica R. decision (supra) as having construed section 1038 (c) as to presume the necessity of a psychiatric or psychological examination of an allegedly sexually abused child. The reason for arriving at this conclusion is that the court has examined the language of the majority decision and finds nowhere in its decision is there any statement as to the particular need the respondent had for the examination. What the majority does state is: "It cannot be seriously disputed *280 that the information sought by the father from an examination of the allegedly abused child by either a psychiatrist or psychologist is material and necessary to the preparation of his defense.” (Matter of Jessica R., supra, at 545.) Continuing on, "Here, the mere fact Jessica R. is a child of tender years, albeit a serious consideration, does not override the demonstrated need for such an examination to be conducted by a qualified professional capable of minimizing any possible stress stemming from the examination” (supra, at 545-546).
Nowhere in the majority’s decision is there any other reference to the defendant’s need for the examination. No statement is made to indicate that the initial examination was biased, tainted or erroneous in any respect. Nor are there given any specific reasons sui generis to that case why the respondent needed the examination. The conclusion is, therefore, reached that no such specific reasons are required and since the court affirmed the order requiring a second examination, need must have been presumed.
However, the court goes on to state that this is not a conclusive presumption. To overcome this presumption it would appear that there must be a showing of either special circumstances or potential harm to the subject child. This interpretation by the Appellate Division, Second Department, appears to be consistent with the position expressed in the New York State Assembly memorandum in support of legislation which stated in pertinent part: "In sexual abuse cases, petitioners often present experts who have interviewed the child, to offer an opinion as to whether a child has been sexually abused. Respondents and the law guardian should also be able to have the child examined to offer an opinion on the truth of the allegations or the condition of the child. Courts have interpreted the current provisions of the Family Court Act as prohibiting this. Matter of Michelle A., 140 A.D.2d 604, 528 N.Y.S.2d 652 (2nd Dept. 1988). See also Matter of Danielle P., N.Y.L.J. Aug. 8, 1988, p. 23, col. 2 (Fam. Ct. Broome Co.). The court is directed to grant the examination unless it would endanger the child’s physical or emotional health. Such limits should only be imposed when the harm of a further examination outweighs the harm to the child of an erroneous factual determination by the court, since such a determination will effect where the child will live and whether the child may be subsequently abused. It is anticipated that most applications will be granted, and that parties will be able to arrange them on consent without the need for *281 an application to the court. [See, Matter of Nicole, 146 Misc 2d 610.]” (1989 NY Legis Ann, at 315.)
In the partial dissent of Justice Miller in Matter of Jessica R. (supra) she finds that a balancing test must be applied to determine an application for a second validation interview. In her dissent, Justice Miller states: "While the prior law required evaluation to be performed by court-appointed experts pursuant to Family Court Act § 251 (Matter of Michelle A., supra), the new statute permits second examinations to be conducted by other than court-appointed professionals under certain circumstances, upon the application of a respondent, Law Guardian, or social services worker. The statutory language explicitly requires that the court apply a balancing test prior to subjecting the alleged child victim to duplicative physical or psychiatric examinations, by expressly mandating that ’the court shall consider the need of the respondent or law guardian for such examination to assist in the preparation of the case and the potential harm to the child from the examination’ (emphasis added). The court is thus specifically required to weigh the potential harm to the child from the examination against the need of the respondent or the Law Guardian for such an examination in order to assist in the preparation of the case” (Matter of Jessica R., supra, at 548 [Miller, J., concurring and dissenting in part]).
This court agrees with the position set forth in the dissent in Matter of Jessica R. (supra) for the following reasons. The majority has construed Family Court Act § 1038 (c) in a way which this court believes is consistent with the language of the New York State Assembly memorandum which was submitted in support of that legislation. However, that memorandum is not necessarily revealing of legislative intent since it is a memorandum of only 1 of the 2 legislative houses which enacted Family Court Act § 1038 (c). Even if one assumes that such is indicative of a legislative intent, the clear language of the statute is to establish a balancing test with no presumption either in favor of or against a second examination. There is no ambiguity in the language of Family Court Act § 1038 (c) and where the words of a statute are free of ambiguity and express plainly, clearly, and distinctly the legislative intent, resort may not be had to other means of interpretation. (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.) The court is required to consider, not presume, the need of the respondent for the examination and the potential harm to the child. Therefore, any construction of the statute which estab *282 lishes a presumption of need for a second examination is contrary to the literal language and represents an erroneous construction. (McKinney’s Cons Laws of NY, Book 1, Statutes §§94, 120.) For those reasons, this court believes that the correct interpretation of Family Court Act § 1038 (c) is to hold that it establishes a balancing test and requires a demonstrated showing of need on behalf of the applicant, which need is to be balanced against the potential harm to the child.
Nevertheless, this court is constrained to follow the decision of the majority in the Appellate Division, Second Department, in Matter of Jessica R. (supra) since it is now the law in this Department. The respondent’s application for a second examination is based upon a review of the validation report of Dr. Peter Ferber by a Dr. Lawrence Loeb. Based upon the affirmation of the respondent’s counsel, it appears Dr. Loeb is a highly qualified physician. The affirmation states that he is a board-certified psychiatrist, a clinical associate professor of psychiatry at Cornell Medical College, an adjunct professor of law at Pace Law School, is a senior consultant in child psychiatry and the law at New York Hospital — Cornell Medical Center, Westchester Division, and has been "admitted” in State Supreme and Family Courts as a sex abuse expert.
The respondent’s affirmation is based upon consultations with Dr. Loeb. In it, it is claimed that "although the validation was conducted by a competent evaluatory, the procedure used could have elicited erroneous statements from the children.” Specifically, four reasons are offered in support of this statement. First, since the children were interviewed by strangers after having not been with their father, they could be fearful of losing their mother and, therefore, susceptible to suggestion. Second, the mother of the child is claimed to be an alcoholic. Allegedly, such persons have a tendency to become paranoid, and paranoia could have induced her to make allegations against her husband. Third, the questions asked of the children by the mother as noted in Dr. Ferber’s reports were highly suggestive of answers. Fourth, while the father was seen by Dr. Ferber, it was alone and not in the presence of either or both children. Lastly, the affirmation notes that Dr. Loeb has reviewed Dr. Ferber’s report and found nothing contained therein to lead the court to conclude that the children would suffer any significant emotional harm or detriment if a second evaluation were ordered.
In opposition to this application, both the petitioner’s counsel and the Law Guardian claim that the court should give *283 either little or no weight to the claims of Dr. Loeb since they are not set forth by affidavit but rather by hearsay statements contained in an attorney’s affirmation. Courts have repeatedly held that in connection with motions for summary judgment an attorney’s affirmation about matters which he has no personal knowledge of provide no probative value and should be disregarded. (Zuckerman v City of New York, 49 NY2d 557; Israelson v Rubin, 20 AD2d 668, affd 14 NY2d 887.) In fact, CPLR 3212 (b) requires that the affidavit submitted with a motion for summary judgment be by a person with knowledge of the facts. However, no similar direction is set forth in Family Court Act § 1038 (c), which section authorizes this application. While the court believes it to be far better practice to submit nonhearsay affidavits in matters such as this, it will not disregard the substance of the attorney’s affirmation because it is made upon information and belief.
Respondent’s application is also opposed upon the grounds that Dr. Peter Ferber is a concededly "competent evaluator” and there was no showing that his validation was biased or tainted. While respondents did concede that Dr. Ferber was a competent evaluator, at least four reasons were advanced as to why the instant evaluation was flawed. These claims of a flawed evaluation, after a review of the entire validation report by a board-certified psychiatrist with experience in the field, are sufficient in this court’s view to demonstrate a need for a second evaluation. Under the standard enunciated in Matter of Jessica R. (163 AD2d 543, supra) by the Appellate Division in which the majority held that there is a presumption of need by a respondent for a second examination, or even under the standard as espoused by the dissent in that case where a balancing test is applied, the respondent has established to this court’s satisfaction a need for a second examination.
Under these circumstances and absent a showing of special circumstances or a potential harm to the child, a second examination should be ordered. (Matter of Jessica R., supra.) In an attempt to determine whether any potential harm to the children may occur from a second evaluation, the court has thoroughly reviewed the affirmations of the Law Guardian and petitioner’s counsel presented in opposition to the instant motion. They are bereft of any evidence whatsoever tending to indicate that a second examination by a competent evaluator would be potentially harmful to these young children.
Petitioner’s attorney claims that since these children have *284 been subjected to interviews by Child Protective Services and a validator, it would further traumatize them if a second examination occurred. Nothing is offered to support a claim that these children have been traumatized by their having undergone the evaluations to date. Without a case specific report from a qualified professional who has seen these children, the court cannot accept an attorney’s conclusion that another evaluation would traumatize these children. Once need for the examination has been presented, the burden of showing potential harm or special circumstances is that of the Law Guardian and the petitioner. In this case the affirmations do not present sufficient factual information, even upon information and belief, to demonstrate potential harm to the children.*
For the following reasons the court will deny the respondent’s application for the second evaluation to be conducted by Dr. Lawrence Loeb. The affirmation submitted in connection with respondent’s application stated, "Dr. Loeb believes that the respondent is not guilty of the charges of sexual abuse of his children”. Therefore, it is clear that Dr. Loeb would bring to an evaluation a predisposition about whether or not the respondent sexually abused his children. Second, while Dr. Loeb’s credentials as outlined briefly in the attorney’s affirmation appear substantial, the respondent has not supplied the court with a curriculum vitae or any firsthand information of his training, background and experience. For these reasons, the court believes Dr. Lawrence Loeb is not the proper professional to conduct the second examination in this case.
As alternative relief, the respondent has requested that the evaluator to do the second examination be selected by the court. Family Court Act § 251 authorizes the court to appoint or designate a physician, psychiatrist or psychologist to perform an examination when such will serve the purposes of the Family Court Act. Prior to the enactment of Family Court Act § 1038 (c), it was the law in this State that if an examination was ordered pursuant to Family Court Act § 251, it should be performed by a court-appointed professional, not one chosen by the parties. (Matter of Michelle A., 140 AD2d 604, supra; Rosenblitt v Rosenblitt, 107 AD2d 292, supra.) Under the facts of this matter, the court believes that a court-appointed pro *285 fessional should perform the second examination of the children, the respondent and the nonrespondent mother.
Therefore, it is the decision of this court that it will appoint a competent professional to do a second examination of the children, the respondent and the nonrespondent mother. Two issues arise in connection with this decision. First, Family Court Act §251 permits the appointment of a physician, psychiatrist or psychologist but no other professional. Since the court and the parties may wish to consider the use of a competent professional who is not a physician, psychiatrist or psychologist, the question of who to appoint shall be the subject of a conference. At the conference, the second issue of payment for the appointed professional will be addressed. Counsel for the parties and the Law Guardian are directed to appear for these purposes at a conference to be held on Wednesday, August 22, at 3:30 p.m.

 It should be noted that the court has reviewed the sexual abuse validation reports of both children done by Dr. Peter Ferber and finds nothing therein which would indicate that a second evaluation by a competent evaluator would be harmful to these children.