*637 OPINION OF THE COURT
Stella Schindler, J.
The Center for Children and Families, Inc. (petitioner) commenced this action with the filing of a neglect petition pursuant to article 10 of the Family Court Act on July 2, 1990. The allegations in the petition were based on a report of suspected child neglect made by the child’s therapist, a mandated reporter in conformance with Social Services Law § 413, to the Central Register in Albany.
The most serious allegations in the petition relate to the effect of the respondents’ domestic disputes on their seven-year-old son’s mental health. The petition alleges that the "respondents use the child as a weapon in their battles, although they are aware of the emotional harm they are inflicting upon the child.”
By notice of motion dated August 27, 1990, submitted on the eve of trial, the respondent father (father) moved the court for an order pursuant to Family Court Act § 1038 (c) requiring the Center for Children and Families, Inc. to produce the child for an examination and evaluation of his physical, mental and emotional condition by a qualified professional selected by the father at his own expense.
The crux of the father’s argument was threefold. He stated that the only "purported” independent evaluation came from the child’s therapist at the Queens Child Guidance Center, that the therapist is petitioner’s expert and therefore not impartial, and that it would not be harmful or overly intrusive for an additional psychological evaluation to be conducted.
Petitioner, the Law Guardian, and respondent mother (mother), submitted affirmations in opposition to the father’s motion. All three parties opposed any further evaluation of the child, agreeing that this is an emotionally fragile youngster who has been diagnosed as suffering from encopresis and an adjustment disorder, and who has already been examined and evaluated by a number of mental health professionals.
All the parties in opposition to the motion came to the conclusion that the father’s failure to offer a single legitimate reason to support his application reflects his own displeasure at suddenly finding himself at odds with the very expert he chose. Counseling at the Queens Child Guidance Center had been in effect for seven months prior to the filing of the neglect petition, ruling out any potential bias on the thera *638 pist’s part. Moreover, the father voluntarily brought his son to most of the counseling sessions when the mother was unavailable due to her work schedule. Furthermore, the father’s eleventh-hour request for additional intervention is particularly cavalier in light of recent communications from the petitioner, the Law Guardian and the mother indicating the child is finally stabilized and making significant progress with his emotional problems.
In the instant case, the gravamen of the petition is the child’s emotional well-being. Respondent father bases his application on his interpretation of Family Court Act § 1038 (c) which provides for an examination of a subject child by a physician, psychologist, or social worker selected by the respondent. However, the statute also states in relevant part: "the court shall consider the need of the respondent or law guardian for such examination to assist in the preparation of the case and the potential harm to the child from the examination. ” (Emphasis added.)
The court must therefore balance the need for such examination against the potential harm to the child.
In determining the motion, the court has taken the child’s age into account as well as his emotional state. (Matter of Maria F., 104 Misc 2d 319 [1980].) In the recent case of Matter of Kaitlyn S. (148 Misc 2d 276 [1990]), the respondent requested an independent psychiatric examination of the subject children in an abuse case. The court held that the Judge is required to consider, not presume, the need of the respondent for the examination.
In Matter of Frank P. (NYLJ, Sept. 4, 1990, at 28, col 4), the respondent father sought an order pursuant to Family Court Act § 1038 (c) to have his child, the subject of an abuse petition, examined by an independent therapist. The court noted that "[t]he statute and the existing case law do not favor or discourage a second validation. It appears the particular facts and circumstances of each case are determinative of the request.”
In another recent Family Court case, Matter of Jessica R. (163 AD2d 543), the court held that a medical examination of a child in a sex abuse case would not be permitted where testimony indicated the child’s anxiety at a previous physical examination. The court did allow a psychological examination requested by the respondent father.
Matter of Kaitlyn S. (supra), Matter of Frank P. (supra), and *639 Matter of Jessica R. (supra), each involved the sexual abuse of a child. Thus, they are distinguishable from the case at bar where the subject child suffers from a severe emotional condition which has been directly attributed to the ongoing conflict between his parents.
The court believes that additional examinations by mental health professionals are not in the child’s best interests, but will only exacerbate his problems, since he will undoubtedly relive past traumas in the process. On balance, the child’s needs greatly outweigh the father’s professed need for more discovery.
Accordingly, for all the reasons stated above, the father’s motion is dismissed.