In the Matter of JAMES ROBBINS, Appellant, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. —Casey, J.

Petitioner, who is on parole after serving time in prison for raping an eight-year-old relative, filed a petition seeking supervised visitation with his infant daughter. Custody of the child had been placed with respondent Albany County Department of Social Services shortly after her birth because the mother was on probation for sexually abusing her other children and a condition of the mother's probation prohibited her from having contact with her children. After a hearing on petitioner's application, Family Court found that visitation would be inimical to the welfare of the child and the application was denied.

Petitioner contends that there are no exceptional circumstances which justify the denial of visitation to the child's father *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Strahl v Strahl,* 66 AD2d 571, 574, *affd* 49 NY2d 1036). We disagree. Petitioner was convicted of raping an eight-year-old relative; he is currently on parole as a result of that conviction and is enrolled in a sex offender program. Although petitioner's sex offender therapist testified that petitioner had progressed and was not

likely to pose a physical threat to his daughter in a supervised setting, the therapist was also of the opinion that petitioner was not close to completing the therapy. These factors, coupled with petitioner's continued relationship with the child's mother, a known child abuser, and his admitted lack of parenting skills, support Family Court's decision to deny visitation without prejudice to renewal of the application upon petitioner's successful completion of the sex offender treatment program and enhancement of his parenting skills (see, *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820).

Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.