OPINION OF THE COURT
David Freundlich, J.
In this application by the Suffolk County Attorney’s Office on behalf of Suffolk County Child Protective Services, petitioner seeks an order directing the Law Guardian to permit the Office of the County Attorney to interview Thea T. and otherwise cooperate with the County Attorney’s pretrial preparation.
Thea T. is an 11-year-old female who alleges to have been sexually abused by her father, Christopher T. The County Attorney asserts that pretrial interview by the County Attorney is necessary to enable the County Attorney to competently prepare the case, but that the Law Guardian has refused to permit further interview of the child. The Law Guardian asserts that the child is well known to the Law Guardian. Petitioner County has already conducted two interviews of the child via Child Protective Services and the police department concerning the within matter. In this particular instance, the Law Guardian asserts it would not be in the best interest of the child to permit an additional interview of the child as further interview would be harmful to the child.
The court may order children who are subjects of neglect and abuse proceedings to be evaluated by a physician, psychologist or social worker of a party’s choosing. However, in this matter, the County is not requesting further evaluation by a physician, psychologist or social worker, but further interview of the child and her mother, seeking information either repetitive of information previously obtained by the County, or in addition to the information obtained from Child Protective Services and the police, or possibly, information unrelated to the within claim. The purpose of the interview has not been articulated by the County except for the conclusory term "to competently prepare” its case.
In deciding whether to issue an order for further evaluation by a physician, psychologist or social worker, courts must weigh the need of the party requesting examination to assist it in preparing the case against potential harm the child may suffer as result of a second examination. There is no presump *229 tion in favor of or against such second examination (Family Ct Act § 1038 [c]; Matter of Nicole, 146 Misc 2d 610 [Fam Ct 1990]). The language of Family Court Act § 1038 (c) establishes a two-pronged test for the court when faced with an application for an examination by a psychiatrist, psychologist or social worker selected by the respondent or the Law Guardian. In the instant case, the County does not seek further examination by a psychiatrist, psychologist or social worker, but by the County Attorney representing the petitioning agency, the presumed validator of the claim.
In that the County has already conducted two interviews of the child, and is now seeking a third interview, and the Law Guardian opposes the third interview alleging potential harm to the child, this court will apply the two-prong test set forth in Matter of Nicole (146 Misc 2d 610 [Fam Ct 1990], supra; Family Ct Act § 1038 [c]). Nothing in the language of Family Court Act § 1038 (c) gives the court any further guidance in resolving such a motion concerning multiple examinations of a child (Matter of Nicole, 146 Misc 2d 610 [Fam Ct 1990]) by a psychologist, psychiatrist or social worker, or in this instance, an attorney.
The two-prong test involves the following: First, a review of the need of the respondent to have such an exam to assist in preparing the case must be undertaken, and second, the court must look at the potential harm to the child in submitting to the examination.
In applying the first prong of the test, the court must assess the need of the County to interview the child to assist in the preparation of its case. In the instant matter, the County Attorney has not articulated any basis for the request of a third interview of the child or how further interview with the child is necessary for the proper preparation of its case. The County’s statement is conclusory at best. In Nicole (supra), respondent sought a second examination by a physician without setting forth an articulable basis as to why such exam was necessary. The court stated that mere conclusory statements are insufficient to meet or overcome the burden of demonstrating need which outweighs any potential harm to the child. It further stated a court should not be forced to speculate regarding why it is necessary for the respondent to have the child examined by a physician selected by him. Likewise, this court should not be forced to speculate regarding why it is necessary for the petitioner to have the child examined a third time by the County. Even indicating to the court that it is "extremely *230 important” is not a demonstration of need (Matter of Nicole, supra). The County has not demonstrated an articulable basis or showing of need upon which to entitle it to another interview of the child.
The second aspect of the test is to consider the potential harm to the child from the examination. The Law Guardian has asserted the infant would suffer harm if another interview by the County were permitted. The Law Guardian further asserts she can supply much information to the County in that this child is well known to the Guardian for many years.
It has been set forth that an examination before trial conducted by the adversary’s attorney could be traumatic to a child of tender age and might result in harm to the child’s well-being due to its potential for intimidation and embarrassment (Matter of Jessica R., 78 NY2d 1031, revg 163 AD2d 543 [2d Dept 1990]). Although the third interview requested herein is not a deposition conducted by an adversarial and, absent special circumstances, depositions are not appropriate in child protective proceedings regardless (Family Ct Act § 165 [a]), this court is still faced with evaluating the potential for harm to the child relating to multiple interviews.
In Matter of Tara H. (129 Misc 2d 508, 509), the court stated a second validation interview would be adverse to the best interests of the child as the "validation process * * * necessitates the child’s recounting and reliving the traumatic incidents suffered. She must overcome fear, guilt and embarrassment. Multiple validations would subject a truthful child to another form of child abuse. The child would interpret the compulsory subsequent interviews as a challenge to her veracity. On the other hand, a child fabricating such abuse * * * could be seriously traumatized by continuous probing.”
As in Nicole (supra), this court would be remiss if it did not require a showing of need for an additional interview and a lack of significant harm to the child prior to directing a third evaluation. This court finds that the County Attorney has not set forth an articulable basis for a third interview, merely a conclusory statement asserting need for the same. Furthermore, the County Attorney has failed to exhaust the resources of the Law Guardian and has not demonstrated that any demands were served upon the Law Guardian requesting necessary information which the Law Guardian was unable to provide or refused to provide. In balancing the foregoing against the potential harm to the child from potential intimidation or embarrassment from a third interview, this court finds *231 that it would not be in the best interest of the child to submit her to further interview by the County.
Petitioner has also requested that the Law Guardian be directed to cooperate with the County Attorney. Family Court Act § 1038 (d) provides that "Unless otherwise proscribed by this article, the provisions and limitations of article thirty-one of the civil practice law and rules shall apply to proceedings under this article. In determining any motion for a protective order, the court shall consider the need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery. The court shall set a schedule for discovery to avoid unnecessary delay.” In this action, petitioner has not articulated any discovery demands served on the Law Guardian which the Guardian has refused to provide, save for an additional interview of the infant. Based upon the same, petitioner’s request to direct cooperation concerning discovery is premature and ambiguous at best. Petitioner has not demonstrated a basis upon which entitlement to this additional relief sought may be granted.
It is hereby ordered, that the application of the County Attorney for an order permitting an additional interview of the child Thea T. by the County Attorney is denied. It is further ordered, that petitioner’s application to order the cooperation of the Law Guardian is also denied.