OPINION OF THE COURT
David Freundlich, J.
The Suffolk County Attorney, by motion entered December 7, 1999, opposed by the Law Guardian and attorney for respondent, seeks an order barring the Law Guardian from interfering with or attempting to prevent an interview between the Office of the Suffolk County Attorney and the child Heather J.
On November 18, 1999, neglect petitions were filed in Family Court by Child Protective Services alleging respondent, Alan Russell J., sexually abused his daughter Heather J. while she was living in the same household as her nieces, Cara Lynn and Ashley J. The Family Court petition was established on December 2, 1999, after summary judgment was granted following respondent’s guilty plea to a charge of sodomy in the third degree in District Court relative to charges arising out of the same incident. Sentencing is scheduled for early 2000. It is the County Attorney’s belief that respondent’s agreed-upon sentence will be six months’ incarceration and five years’ probation. A temporary order of protection was issued by this court on November 23, 1999 directing respondent not to have any contact with Heather, Cara Lynn or Ashley J. Heather is currently residing in Florida. A dispositional hearing concerning the Family Court action was scheduled for December 17, 1999, but has been held in abeyance pending decision on the within motion. Oral argument on the motion was conducted on December 16, 1999.
The Suffolk County Attorney argues that an interview with Heather is necessary to determine whether respondent may reside in the same household as Cara Lynn, born October 29, 1997, or Ashley J., born October 14, 1999, as he believes it is likely that Heather will “have a better grasp of the limitations of the adults with whom she lived,” and that it “remains to be seen if the non-respondent adults in the family can be trusted to keep a cautious eye on the respondent after his release, and whether the other adults believe respondent to be guilty of the crime to which he has pled.”
As set forth in the affidavit of the Suffolk County Attorney, it is not uncommon for the Suffolk County Attorney and the District Attorney to share information when the same allegations give rise to proceedings in Family Court and in criminal *244 court. However, during oral argument on this motion, the County Attorney advised that the aspects of this case were not discussed with the District Attorney nor were any of their records procured. The County Attorney further stated during oral argument that he did not know by whom the child was interviewed or the number of times the child was interviewed. The agency caseworker for Child Protective Services informed this court during the oral argument that the child was interviewed at least once by a private agency in Florida, by a sex crimes detective and by a caseworker. The County Attorney has not obtained the results of those interviews, nor has he discussed the findings with the interviewers. The County Attorney has not spoken with the parents of Cara Lynn or Ashley or the other nonrespondent adult relatives to obtain the information sought.
The Law Guardian argued that Heather is a fragile child who should not be subjected to multiple, unnecessary interviews and that it is not the child’s responsibility to determine if respondent can live in the same household with her nieces. The Law Guardian further argued that the County Attorney should interview the parents first to determine whether an interview is even necessary with Heather as the County Attorney may very well obtain the information sought during the interviews.
The Family Court Act does not address the underlying issue before this court, that is, whether the County Attorney should have unbridled access to a child for multiple, unlimited interviews when the County, via Child Protective Services, a private agency, and the police department have already interviewed the child on multiple occasions, and whether the Law Guardian may impose any limitation on access to the child for interviews by the County Attorney after the charge of sexual abuse has been established in Family Court and only disposition remains to be determined.
Generally, the child protective agency has had access to both the parents and the children before the filing of a petition in a Family Court Act article 10 proceeding, so the petitioner generally has no need for additional disclosure after the action is commenced. Article 10 of the Family Court Act does not address the issue of discovery in abuse and neglect cases. Specifically, nothing in the language of Family Court Act § 1038 (c) or (d) gives guidance to this court in determining the within issue concerning interview of a child after fact-finding hearings have been completed or the neglect petition has been established.
*245 In Matter of Thea T. (174 Misc 2d 227 [Fam Ct, Suffolk County 1997]), this court ruled on a similar issue. That case involved application by the Suffolk County Attorney for additional interviews of a fragile child prior to the fact-finding hearing, but after Suffolk County, by both the Department of Social Services and the Suffolk County Police Department, had interviewed the child concerning the allegations that her father sexually abused her. The County Attorney asserted the need for an additional interview to “competently prepare its case” (at 228) but did not state specifically the information which was needed or not obtained in the two other interviews.
In Thea T. (supra), this court employed a two-pronged balancing test in which the need of the petitioning party to have an additional interview to assist in competently preparing the case was weighed against the potential harm to the child in submitting to the interview. This court employed the premise that the moving party must set forth more than mere conclusory statements to overcome the burden of demonstrating that the need for the interview outweighed any potential harm to the child (see, Matter of Nicole, 146 Misc 2d 610). In deciding this motion, this court will again utilize the two-prong test set forth in Thea T. (supra). Therefore, the first issue to be determined is the need for the interview with the child by the County Attorney.
In the instant matter, the Suffolk County Attorney requests further interview of the child specifically to ask the child if she knows whether or «not respondent sexually abused her two nieces; whether she feels respondent can move into the household with her two younger nieces (“believing the child will have a better grasp of the limitations of the adults with whom she lived”); whether the nonrespondent adults in the family can be trusted to keep a cautious eye on the respondent after his release; and whether the other adults believe respondent to be guilty of the crime to which he has pleaded. It is determined that the County Attorney has set forth more than mere conclusory statements in that the specific information sought has been articulated.
Although Heather has been interviewed by at least the sex crimes detective, a caseworker and a private agency, the County Attorney has not obtained the results of those interviews, nor has he consulted with the District Attorney to share the information obtained by the District Attorneys Office, nor has he interviewed the parents of Cara Lynn and Ashley, nor other nonrespondent adults. Although the County Attorney *246 has articulated specific information needed, the argument that the information must be obtained from the child is conclusory at best. The County Attorney has not even attempted to ascertain the answers to his questions from any other readily available sources, yet feels the interview with the child is vital. Some of the information sought by the County Attorney should have been inquired into long before this date. It would shock the conscience of this court to learn that, at this late date, no determination has been made concerning whether Cara Lynn and Ashley were sexually abused by respondent and that, consequently, appropriate medical assessment, care and treatment have not been provided the children. They were living in the same household as Heather when she was sexually abused; therefore, a determination should have been made at the onset as to whether Cara Lynn and Ashley were sexually abused. However, the County Attorney has not even obtained any of the results of any of the investigations or interviews, and has not interviewed Cara Lynn and Ashley’s parents or any other nonrespondent adult referred to by the County. Now, at the dispositional phase of the proceeding, suddenly Heather, who was severely traumatized by this repeated sexual abuse, is presumed not only to be able to answer the questions concerning whether these children were abused by respondent, but will be expected to give guidance as to the safety of the two babies and give opinion as to the beliefs of the adults and their ability to protect the two young children.
In that the abuse petition has already been established against respondent, the dispositional phase of the proceeding must be conducted. The County Attorney no longer needs to prove the sexual abuse of any of the children as this has already been established. Only the safety of the children and how they can be best protected from respondent upon his release from incarceration months from now must be considered. To effectuate this, it is necessary for the County Attorney to obtain all the information from the various interviewers and conduct interviews of those adults who will have the responsibility of protecting the children from future sexual abuse by respondent. Therefore, since these interviews have not been conducted, the County Attorney’s claim that an interview with the child is necessary to obtain answers to the questions is weakened by necessity. It is therefore determined that the need of the County Attorney to interview Heather is weak and conclusory at best. No need has been demonstrated by the County Attorney to lead this court to believe that Heather is *247 the only resource available to provide the information sought or that the County Attorney has exhausted any and all resources prior to bringing this motion.
It is adjudged that in applying the first prong of the test, the County Attorney has demonstrated little, if any, need for further interview with the child, and the assertion that such interview is necessary for the dispositional hearing is conclusory at best.
In applying the second prong of the test, this court must determine the potential for harm to be suffered by the child who would have to submit to another interview. It has been held that an examination before trial conducted by an adversary’s attorney could be traumatic to a child of tender age and might result in harm to the child’s well-being due to its potential for intimidation and embarrassment (see, Matter of Jessica R., 78 NY2d 1031). Absent special circumstances, depositions are not appropriate in child protective proceedings (Family Ct Act § 165 [a]). In Matter of Tara H. (129 Misc 2d 508, 509), the court stated that a second validation interview would be adverse to the best interests of the child as “[t]he validation process * * * necessitates the child’s recounting and reliving the traumatic incidents suffered. She must overcome fear, guilt and embarrassment. Multiple validations would subject a truthful child to another form of child abuse. The child would interpret the-compulsory subsequent interviews as a challenge to her veracity. On the other hand, a child fabricating such abuse must be severely emotionally disturbed and could be seriously traumatized by continuous probing.” There is no doubt that another interview will cause Heather to recount and relive the traumatic sexual abuse suffered. She would be forced to suffer the pain, humiliation, fear and embarrassment of recounting any aspect of the abuse to another person once again. The child must have closure in her life and allow her wounds to heal. It is therefore this court’s opinion that another interview of Heather has the potential to cause great harm to this young, fragile, abused child.
It is further determined that of the questions the County Attorney wishes to ask Heather during the interview, the only appropriate question to ask the child would be whether she knows if respondent sexually abused Cara Lynn or Ashley. However, the County Attorney has not obtained the results of the prior interviews with the child to determine if this information was obtained during any prior interview with the child and if it is therefore even necessary to pose that question to *248 Heather. With reference to asking the child whether she feels respondent can move into the household with her two young nieces (“believing the child will have a better grasp of the limitations of the adults with whom she lived”); whether the non-respondent adults in the family can be trusted to keep a cautious eye on the respondent after his release; and whether the other adults believe respondent to be guilty of the crime to which he has pleaded, this court is of the opinion that it is not up to this abused and traumatized child to bear the tremendous burden of making such a determination. Such determination should be made by Child Protective Services and the County Attorney after appropriate interviews have been conducted and the appropriate individuals properly investigated and evaluated. Asking a child who has already been sexually abused and traumatized to assume the responsibility of providing guidance to the County has a very strong potential to only further distress and traumatize the child and is tantamount to another form of abuse.
It is further adjudged that the potential harm to the child far outweighs any need for further interview of the child by the County Attorney.
In the interest of judicial economy, however, to avoid further motion, it is ordered that the application of the Suffolk County Attorney is granted to the extent that the Suffolk County Attorney may contact Heather J. by telephone for the limited purpose of asking the child if she has reason to believe respondent sexually abused her nieces, but only after the County Attorney has obtained the results of all the prior interviews conducted by the caseworkers, the sex crimes detective, the District Attorney, and the private interviewing agency, and has interviewed the parents of Cara Lynn and Ashley, and the other nonrespondent adults referred to by petitioner, and the County Attorney has been unable to obtain the answer to the specific question, whether Heather knows if Cara Lynn and Ashley were sexually abused by respondent.