■ In the Matter of ROBERT W. ARMSTRONG, Respondent, v KAREN HEILKER, Appellant. [850 NYS2d 673]—

Spain, J. Appeal, by permission, from an order of the Family Court of Delaware County (Becker, J.), entered May 22, 2007, which, upon reargument, in a proceeding pursuant to Family Ct Act article 6, granted petitioner's motion to, among other things,

direct respondent to disclose her medical records to an expert witness chosen by petitioner.

In July 2005, petitioner (hereinafter the father), the custodian of the parties' three children (born in 1990, 1994 and 1997), commenced this proceeding seeking to further modify the parental access of respondent (hereinafter the mother) by suspending her visitation with the children based on her recent hospitalization for the treatment of mental illness. Shortly thereafter, the mother filed a petition confirming her brief hospital stay—asserting that she was hospitalized at her own request—and seeking a refinement of the then-existing visitation order, contending that her "moods" had been "stabilized" as a result of a medication change. In March 2006, Family Court entered an order which granted the father's request for full disclosure to the father of the mother's "mental and physical health records," but narrowly limited the disclosure to a 15-month period of time; the court also directed the mother to provide additional records covering a broader time period for the court's in camera review. Thereafter, the court granted the mother's motion to reargue and entered a new order in May 2006, which limited its previous order by requiring that the mother provide her mental health records only to the court for its in camera review. In May 2007, after a review of the mother's "medical records," Family Court entered an order which directed her to submit to a mental health evaluation by an expert to be selected by the father and to fully disclose her "complete medical records" to that expert for the purpose of an "evaluation of her mental health." On the mother's application, this Court granted leave to appeal from the May 2007 order and issued a stay pending appeal pursuant to Family Ct Act § 1112 (a) and § 1114 (b).

Initially, the mother contends that Family Court erred in ordering her to fully disclose her medical/mental health records to the father's expert because, among other things, her mental health status was not in controversy and she had not waived her physician-patient privilege. Although not determinative, the mental health of a parent is necessarily relevant in every custody/visitation proceeding (*see Matter of Darlene T.*, 28 NY2d 391, 395 [1971]; *Rosenblitt v Rosenblitt*, 107 AD2d 292, 293-294 [1985]; *see also Matter of Shepard v Roll*, 278 AD2d 755, 756-757 [2000]).

The mother also asserts that it was error to allow the father to choose the expert and we agree. The decision to direct a forensic mental health evaluation in a child custody or visitation dispute lies within the sound discretion of the court and, on the

record before us, we discern no abuse of that discretion[1] (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]). However, in the absence of a binding agreement by the parties, the accepted practice is for the court to order an independent evaluation (*see* Family Ct Act § 251 [a]; *Matter of Baker v Ratoon*, 251 AD2d 921, 923 [1998]). Indeed, the statute "makes it clear" that such an evaluation "should be done by a *court-appointed* [qualified mental health] professional and not one chosen by a party to the proceeding" (*Matter of Michelle A.*, 140 AD2d 604, 605 [1988] [emphasis added]; *see Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682 [1999], *lv dismissed* 93 NY2d 958 [1999]). Clearly, the materiality and need for a mental health evaluation have been established in this case.

Accordingly, we remit this proceeding to Family Court and, if the court in its sound discretion presently deems it appropriate to order a forensic mental health evaluation of the mother, it must select an independent or neutral (or agreed-upon) psychiatrist or psychologist to examine her and submit a report to the court.[2] The court shall further exercise its discretion as to the scope of the evaluation, directing, among other things, which medical records of the mother will be made available to that professional, what access the parties and/or their attorneys will have to the report, how the report will be used at trial and who will bear the expense of the evaluation.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that respondent submit to a mental health evaluation by an expert chosen by petitioner; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

1. Notwithstanding the provisions of the CPLR (*see* CPLR 3121, 3124) regarding medical examinations including psychiatric and psychological examinations, Family Ct Act § 251 should be followed in Family Court proceedings in which any such examination "will serve the purposes of this act" (Family Ct Act § 251 [a]). These examinations have become known as "forensic evaluations" meaning they fall within that part of medical science—forensics—which relates to the law and, as here, are deemed material and necessary by the court in reaching a proper outcome.

2. In many cases the parties and the Law Guardian stipulate to the selection of a forensic expert who is then approved by the court and ordered to perform the independent evaluation.