# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1054

CAF 13-02130

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

IN THE MATTER OF THOMAS CARDWELL,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JESSICA MIGHELLS, RESPONDENT-RESPONDENT.

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (JESSICA L. ANDERSON OF COUNSEL), FOR PETITIONER-APPELLANT.

MARK S. WILLIAMS, PUBLIC DEFENDER, OLEAN (DARRYL R. BLOOM OF COUNSEL), FOR RESPONDENT-RESPONDENT.

BRIDGET A. MCCUE-MARSHALL, ATTORNEY FOR THE CHILD, RANDOLPH.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered August 21, 2013 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this Family Court Act article 6 proceeding seeking visitation with the parties' two-year-old daughter. Following a trial, Family Court dismissed the petition without prejudice to reapply for visitation upon the fulfillment of certain conditions, including completion of another sex offender risk assessment. We affirm.

"[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (*Matter of Golda v Radtke*, 112 AD3d 1378, 1378 [internal quotation marks omitted]). Although we recognize the rebuttable presumption that visitation with the noncustodial parent is in the child's best interests (*see Matter of Granger v Misercola*, 21 NY3d 86, 90-91; *Matter of Cormier v Clarke*, 107 AD3d 1410, 1411, *lv denied* 21 NY3d 865), we also recognize the principle that the court "may deny visitation to parties that refuse to submit to examinations" (*Matter of Rogers v Fodor*, 307 AD2d 395, 396). Here, the record reflects that the father is a level one sex offender who was convicted of rape in the third degree for having sexual intercourse with the then-underage respondent mother and that the subject child is the product of the

rape.  At trial, the father admitted that he failed to complete the court-ordered sex offender risk assessment.  We thus conclude that the court was authorized to deny visitation (*see generally id.*).  Additionally, the court's determination to deny the father visitation is supported by the father's failure to accept fault for the rape of the mother (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 811-812; *see also Matter of Enrique T. v Annamarie M.*, 15 AD3d 310, 310-311; *Matter of Robbins v Albany County Dept. of Social Servs.*, 179 AD2d 908, 908-909).  We thus see no basis to disturb the court's determination that visitation should be denied at this time.

Contrary to the father's further contention, the court did not abuse its discretion in ordering that he undergo another sex offender risk assessment before reapplying for visitation.  "Family Court has the authority to order a sex-offender evaluation in order to determine [a party]'s proclivities toward such activity" (*Matter of Selena L.*, 289 AD2d 35, 37), particularly where, as here, "[t]he record establishes that . . . the court had a well-reasoned basis for ordering" such an evaluation (*Matter of Dylan L.*, 55 AD3d 1343, 1344).  Although the father claimed that a prior assessment conducted by his ongoing treatment provider should have been an acceptable substitute for the court-ordered assessment, the court found that his ongoing treatment provider was not impartial and thus that the father's alleged prior assessment conducted by that treatment provider was insufficient.  Deferring to "the court's firsthand assessment of the character and credibility" of the witnesses (*Matter of Thayer v Thayer*, 67 AD3d 1358, 1359), we conclude that the court did not abuse its discretion in ordering the father to undergo another sex offender risk assessment with an objective evaluator and " 'not one chosen by a party to the proceeding' " (*Matter of Armstrong v Heilker*, 47 AD3d 1104, 1106; *see Matter of Michelle A.*, 140 AD2d 604, 605).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court